## CHARD et al. v. STONE.

A ferry-owner whose license has expired, does not lose his right to a renewal of his license, either by the incompetency or refusal of the supervisors to act in the premises.
Such a ferry-owner, thus prevented from obtaining a renewal of his license, has a right to an injunction to restrain another party from running a ferry under an illegal license, granted by the County Judge, within a mile of the first established ferry.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

The plaintiffs filed their bill for an injunction restraining the defendant from running a ferry within a mile of plaintiffs' ferry. The facts are the same, as well as the parties, referred to in preceding case of Chard et al. v. Harrison.
The Court granted a preliminary injunction, which it afterwards, on the hearing of the case, dissolved.
Plaintiffs appealed.

*Edwards & English* for Appellant.

*Garter & Earl*, and *J. O. Goodwin*, for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.
The Court below erred in dissolving the injunction. The license issued by the County Judge was illegal, and gave the defendant no right to interfere with the plaintiffs' franchise. The fact that the plaintiffs' license had expired at the time of the dissolution of the injunction, does not help the case; the plaintiffs had a right to an injunction at the time of filing their bill, and under the statute, the further right of a renewal of their license. This privilege could not be defeated, either by the incompetency or refusal of the supervisors to act in the premises; and if they were legally disqualified from granting the plaintiffs a renewal of their license, on a proper showing, it would be hard, indeed, if they lost their rights thereby.
Judgment reversed.