JUDGE ROBERTSON
delivered the opinion of the court.
A legislative act of 1838 established a ferry across tbe Ohio Biver at Paducab, and authorized the trustees of the town to lease the ferry privilege “at public outcry” for not more tban a year. A subsequent enactment of 1847 authorized a lease without limitation as to time.
*609 In 1858 the municipality of Paducah, by private contract, leased the privilege to the appellant for twenty-one years. Under that authority he had been running, according to contract, a steam ferry-boat, without disturbance or control, for about seven years, when the appellee, -without license, commenced running a rival boat within a mile of the appellant’s line of transit; and to recover damages for that disturbance this action was brought against the appellee, who, asserting no right in himself, only denied that the appellant had any legal right; and the circuit judge, to whom the case was submitted, adjudging the lease-void because it had not been made “ at public outcry,” dismissed the action. That judgment we can not affirm.
The lease was not void; but, at the utmost, voidable only at the election of the lessors or the state. A stranger can not question its validity. Were it void, it would be a nullity as to each party, and in that phase of it the appellant might perhaps recover the bonus of five hundred dollars a year, paid to him for the first five years to induce him to incur heavy expense for the experiment for the benefit of the town, unless their conduct would operate as an estoppel; and so operating, as it would, it might go so far as to prevent an avoidance of the lease without full indemnity to the lessee. A fortiori a stranger can not avoid it.
The town and the state seem to have acquiesced in the lease, and so far ratified it; and the appellant, as their agent, being in the possession of the ferry, and use of it for the public benefit, the unauthorized intrusion by the appellee on that usufructuary possession was tortious even though the lease itself might be voidable. Consequently the admitted intrusion was apparently an actionable wrong.
Wherefore the judgment is reversed, and the cause remanded for further proceedings conformable herewith.