[No. 2,401.]

## THE TRUCKEE AND TAHOE TURNPIKE ROAD COMPANY *v.* J. B. CAMPBELL.

FRANCHISE.—The right to collect tolls on bridges, roads, etc., is a franchise.

IDEM.—Such a franchise is a certain privilege of a public nature, conferred by grant from the Government, and vested in individuals. It is a sovereign prerogative, and vests in an individual only by virtue of a legislative grant.

IDEM.—Whether granted directly by the Legislature, or by a subordinate body, to whom the power of granting it is delegated by legislative Act, the franchise is still a grant emanating from the sovereign authority of the State.

GRANT OF FRANCHISE BY BOARD OF SUPERVISORS.—A grant of a turnpike franchise by a Board of Supervisors, made under authority granted by the Legislature, has the same standing in respect to its validity, the presumptions in its favor, and the mode in which it may be attacked, as a grant of any other right, privilege, or thing, made by any department of the Government under the authority of law.

FRANCHISE NOT TO BE ATTACKED BY PRIVATE PERSON.—A grant of a turnpike franchise is not liable to be attacked by a private person, or in a collateral proceeding, for mere error in the exercise of the authority to make the grant.

APPEAL from the District Court of the Fourteenth Judicial District, County of Placer.

The plaintiff brought this action to recover toll, alleged to be due by the defendant for traveling on its road with a four-horse team. The Court below granted a nonsuit. The plaintiff appealed.

The other facts are stated in the opinion.

*Fellows & Norton*, for Appellant.

The defendant in this cause is not in a position to dispute the right of the plaintiff to act as a corporation. An inquiry as to the right of a company to act as a corporation can only be had at the suit of the State, on information by the Attorney General. (*Rondell* v. *Fay*, 32 Cal. 354.) The right of a company doing business as a corporation *de facto*, and claiming, in good faith, to be a corporation under the laws of this State, to act as a corporation, cannot be inquired into collaterally in a private action, to which the corporation *de facto* may be a party. (*Dannebroge M. Co.* v. *Allment*, 26 Cal. 286.)

*E. L. Craig*, for Respondent.

By the Court, Rhodes, J.:

It appears in this case, that the plaintiff is a corporation duly organized under the law providing for the formation of corporations, for the construction of plank and turnpike roads; that the Board of Supervisors of the County of Placer made and entered an order, authorizing the plaintiff to collect tolls from persons passing over a turnpike road leading from Tahoe City down and along Truckee River to a point near the mouth or outlet of Donner Creek, and fixed the rate of tolls; that the said turnpike road was then and still is under the management and control of the plaintiff; and that the defendant passed over the road with his team, and refused to pay the toll. The defendant moved for, and the Court granted, a nonsuit on the grounds that the evidence showed that the road was constructed prior to the organization of the corporation, and that a portion of the road had, prior to that time, been used by the public as a public and common highway.

The right to collect tolls on bridges, roads, etc., is a fran-

chise.  A franchise of this character may be defined, as a certain privilege of a public nature, conferred by grant from the Government, and vested in individuals.  It is a sovereign prerogative, and vests in an individual only by virtue of a legislative grant.  It makes no difference whether the grant be made directly by the Legislature, or by a subordinate body, to whom the power is delegated; it is still a grant emanating from the sovereign authority of the State.  The position taken by the defendant, in his motion for a nonsuit, is virtually an attack upon the validity of the order of the Board of Supervisors in granting the franchise to the plaintiff, on the ground of error in the proceedings of the Board.  He says, in effect, that the Board erred in granting the franchise, because a portion of the road upon which the right to collect tolls was granted, had been constructed and was used as a public highway before the corporation was organized. A turnpike company is authorized to construct its road so that it will " touch, lap, or cover " a portion of a public road; but a resurvey or location of the public road is required to be made, so that it shall be in as good condition as if the turnpike road had not been constructed.  (Act of 1853, p. 169, Sec. 17.)  It will not be contended that the Board did not possess competent authority to determine whether all the requisite facts existed, and whether the corporation had performed all the acts necessary on its part, to entitle it to a grant of the right to collect tolls.  The authority of the Board being conceded, the question whether the Board erred in its exercise cannot be raised by a private person; and clearly the inquiry will not be entertained in a collateral proceeding.  A grant of such a franchise by a Board of Supervisors, has the same standing in respect to its validity, the presumptions in its favor, and the mode in which it may be attacked, as a grant of any other right, privilege, or thing made by any department of the Government under the authority of law.  And the rule in all such cases, is that the

grant is not liable to be attacked by a private person, or in a collateral proceeding, for mere error in the exercise of the authority to make the grant. The inquiry as to whether the plaintiff had properly constructed its road, or whether such road occupied in part a public road, was involved in the proceeding, which resulted in the order of the Board granting to the plaintiff the franchise, and the determination of the Board in respect to those questions of fact, is conclusive in this action, and the defendant will not be permitted to allege or show that the Board erred in its determination. (*Leese* v. *Clark*, 18 Cal. 535; *Leese* v. *Clark*, 20 Cal. 387; *Bond* v. *Hickman*, 29 Cal. 460; *Bernal* v. *Lynch*, 36 Cal. 135; *Durfee* v. *Plaisted*, 38 Cal. 80; Ang. & Ames on Corp., Sec. 636.)

Judgment reversed, and cause remanded for a new trial.