[No. 4939.]

## ALFRED GONZALES AND MARIANO GONZALES *v.* ANDREW WASSON.

ACTS CONCERNING LAWFUL FENCES.—The fifth section of the act of 1850, concerning lawful fences, as amended by the act of April 3, 1860 (Stats. 1860, p. 141), is in force only in the counties named in the act, and section 841 of the Civil Code is in force in the remainder of the counties.

CONSTRUCTION OF CODES.—When the provisions of the different codes conflict with each other, such a construction must be given to them that both may, if possible, have effect.

PAYMENT FOR PARTITION FENCE.—In the county of Monterey, if the owner of land incloses it with a fence, and the owner of an adjoining tract afterwards incloses his land, so that such fence answers the purpose of a division fence, the owner of the adjoining tract must pay the person who built the fence one-half the value of so much of it as answers for a partition fence between them.

IDEM.—The fact that the owner of such adjoining tract and the owners of other tracts had, by an understanding between them, inclosed their land in one field, does not change the rule, nor is it changed by the fact that no fence is constructed where there are natural barriers sufficient for the protection of the land.

IDEM.—The lien given by the act to the one who builds the division fence is not an exclusive remedy for the recovery of one-half the value, but it may also be recovered by an ordinary action.

IDEM.—The liability of the owner of the adjoining tract became fixed when he inclosed his land, and was not impaired by the passage of the act of February 4, 1874, to protect agriculture, etc.

APPEAL from the District Court, Twentieth Judicial District, County of Monterey.

The plaintiff, the defendant, one McKee, and one Doud, were each the owners of a tract of land, situated in Monterey County, and lying as follows: Gonzales was the owner of a tract of land having its southern line about three

hundred chains in length.   Immediately to the south of the land of Gonzales, and extending the whole length of said line of three hundred chains, was a tract of land owned by Andrew Wasson, the present defendant.   To the south of the land of Wasson, and extending the whole length of his southern line, lay a tract of land owned by McKee.   South of the land of McKee, and extending the whole length of his southern line, lay a tract of land owned by Doud.

These several tracts of land were generally cultivated in grain, and the greater part of all said tracts was leased to renters from year to year.

In the year 1872 the plaintiff inclosed his entire tract of land with a substantial post and board fence; the southern line of this inclosure of plaintiff was upon the division line between himself and the tract owned by Wasson for a distance of three hundred chains.

°In the month of November, 1873, the defendant Wasson built a fence upon his east line; he also built some fence upon the west boundary of his tract, which, with precipitous banks, made a substantial barrier upon that side.

About the time that defendant Wasson constructed the said lines last named, Doud constructed a fence across his own southern line, and also upon his side lines, and McKee constructed upon the eastern and western boundaries of his tract, fences connecting with Doud's fences upon the south, and with the east and west fences of Wasson upon the north.   Said fences were also by McKee and Doud so connected with Wasson's side fences, and with the fence of Gonzales, that the three fields of Wasson, McKee and Doud were brought within one common inclosure, of which the south fence of Gonzales was the northern boundary.

Before the construction of these fences by McKee, Doud and Wasson, the proposition of constructing the same for the purpose of inclosing their several tracts of land was discussed and agreed upon by all of them.

Wasson declined to pay the plaintiffs for one-half the division fence, and this action was brought to recover the same.   No lien was claimed.   The plaintiff recovered judg-

ment and the defendant appealed. The other facts are stated in the opinion.

*William H. Webb and Janus A. Wall,* for the Appellant.

*William Matthews,* for the Respondent.

By the COURT:

The Political Code, section 19, retains in force the provisions of all acts in relation to lawful fences. There was then in force the act of April 3, 1860 (Stats. 1860, p. 141), amendatory of the act of 1850, concerning lawful fences, but the act was in force in only a part of the counties in this State. The fifth section of the act, as amended, makes provision for the recovery of one-half of the value of a division fence from the owner of the adjoining land, after he has also inclosed his land. The Civil Code, section 841, also provides for the liability of coterminous owners of lands for a just proportion of the value of division fences.

If the provisions of the act concerning lawful fences were applicable to all the counties in the State, a conflict would arise between the fifth section as amended, and section 841 of the Civil Code. It is provided by section 4480 of the Political Code, that "with relation to each other, the provisions of the four Codes must be construed (except as in the next two sections provided) as though all such Codes had been passed at the same moment of time, and were parts of the same statute." Such a construction must therefore be given to those provisions of the Codes, that both may, if possible, have effect. By construing the fifth section of the act concerning lawful fences as applicable to the counties named in the act, and section 841 as applicable to the remaining counties, effect may be given to both provisions—and that in our opinion is the proper construction to be given to the provisions in question. The premises involved in this action are in one of the counties in which the act concerning lawful fences is in force; and the rights of the plaintiffs and the liabilities of the defendant are to be measured by the provisions of the fifth section of the act as amended.

That section provides that "when a fence has been erected by any person on the line of his land, and the person owning the land adjoining thereto shall make or cause to be made an inclosure on the opposite side of such fence, so that such fence may answer the purpose of inclosing his ground also, such person shall pay the owner of such fence already erected, one-half the value of so much thereof as serves as a partition fence between them." The facts alleged in the complaint, as well as those found by the court, bring the case within the provisions of the section above cited. The fact that the defendant's land was, by an understanding between him and the owners of other tracts of land lying adjacent to his tract, inclosed in one field by a common inclosure, does not make the inclosure any less an inclosure of the defendant's land within the meaning of that section. Nor was it necessary, in order to make such inclosure, for the defendant to construct a fence at a place where there was a natural barrier which was sufficient for the protection of his land.

The lien provided for in that section is not intended as the exclusive remedy for the recovery of compensation for the one-half of the value of the division fence, but is given as a further remedy, in addition to the ordinary remedy by action, which a party may avail himself of at his election.

The liability of the defendant attached when he inclosed his land, and that liability was not impaired by the passage of the act of February 4, 1874—an act to protect agriculture and to prevent the trespassing of animals, etc. (Stats. 1873-4, p. 50.)

Judgment affirmed.

WALLACE, C. J., did not express an opinion.