[No. 8876.   Department Two.— October 22, 1885.]

THOMAS MEADE, APPELLANT, v. MARTIN WATSON, RESPONDENT.

FENCES—ACTS IN RELATION THERETO.—The Acts of April 27, 1855, and April 3, 1860, concerning lawful fences, are continued in force under section 19 of the Political Code, and consequently the counties to which they apply are not subject to the provisions of section 841 of the Civil Code.

ID. — WHAT CONSTITUTES. — A fence which is good, strong, substantial, and built of stone, forming a perfect enclosure, and sufficient to turn stock, is a lawful fence within the meaning of the statute, although it is not specifically described therein.

ID.—DIVISION FENCE. — The line or division fences provided for by the statute of 1860 must be lawful fences.

ID.—In an action brought under the statute to recover one half the value of a partition fence, and to foreclose a lien therefor, it is not necessary for the plaintiff to show that other fences which have been adopted by the defendant in completing his enclosure are lawful fences.

ROAD LAWS—CONSTITUTION.—The road laws retained by the Code having been in force before the adoption of the present Constitution, are not affected by the provision against special legislation.

APPEAL from a judgment of the Superior Court of the county of Stanislaus.

The facts are stated in the opinion.

*Wright & Hazen,* for Appellant

*W. E. Turner,* for Respondent.

SEARLS, C.—This is an action to recover the sum of $280,

with interest and counsel fees, and to foreclose a lien for one half the value of a partition fence.

The appeal is from a judgment in favor of defendant, on a demurrer to the complaint.

In addition to his general demurrer, defendant sets forth as special causes why the complaint is not sufficient, that the fence alleged to have been constructed by plaintiff is not one of the kinds of fence declared to be a lawful fence by the act of the legislature of the State of California, entitled "an act concerning lawful fences," approved April 27, 1855, and the acts supplementary thereto.

B. That there is no allegation in said complaint that the fence erected by plaintiff is as strong, substantial, and as well calculated to protect enclosures as either of the kinds of fence, by the said act declared a lawful fence.

C. That it appears that neither of the fences described in the complaint is a lawful fence within the meaning of the aforesaid act of the legislature.

The allegations of the complaint essential to a decision on the demurrer are, that the plaintiff and defendant are adjoining land-owners, that plaintiff erected upon the line between his land and that of defendant, a good, strong, substantial, and lawful stone fence, three and one half feet high, two feet wide at the base and one foot wide at the top, compact and regular in construction, etc. The complaint then proceeds to aver that certain other coterminous land-owners erected fences, which together with his and certain fences erected by defendant, served to "and did and now does form a perfect and sufficient enclosure of all said premises, and sufficient to, and the same and the whole thereof did, and now does, prevent the ingress of stock upon, or the egress of stock from said premises and the whole thereof."

The land of defendant thus enclosed is not divided by a partition fence from that of Abbott, Shoemake, and Tuck, adjoining land-owners, but is enclosed in one common enclosure with their land.

The land in question is situated in the county of Stanislaus, and is therefore in one of the counties governed by the act entitled "an act concerning lawful fences," approved April 27, 1855

(Stats. 1855, p. 154), and an act amendatory and supplementary thereto, approved April 3, 1860.   (Stats. 1860, p. 141.)

These acts are retained in force by the provisions of section 19 of the Political Code, and the counties to which they are applicable are not subject to the provisions of section 841 of the Civil Code.   (*Gonzales* v. *Wasson*, 51 Cal. 297.)

The Act of 1855, after prescribing the height and mode of construction of lawful fences, when of wire, of post, and rail, and various other material, proceeds as follows:—

"Section 2. Any fence which by reliable evidence shall be declared as strong, substantial, and as well suited to the protection of enclosures as either of the above described, shall be a lawful fence in all the counties of this State, except Sonoma, Napa, El Dorado, and Marin."

The fifth section of the Act of 1855 was amended in 1860 (Stats. 1860, p. 141) to read as follows:—

"When a fence has been erected by any person on the line of his land, and the person owning the land adjoining thereto shall make, or cause to be made, an enclosure on the opposite side of such fence, so that such fence may answer the purpose of enclosing his ground also, such person shall pay the owner of such fence already erected, one half the value of so much thereof as serves as a partition fence between them," etc.

The ultimate object of a lawful fence is to so enclose land as to prevent the ingress and egress of such domestic animals as are usually nurtured and confined thereon, and to protect the premises enclosed from unlawful encroachment.

At the common law no man is bound to fence his lands against the cattle of another, but each owner is bound to restrain them, and is answerable for any trespass they may commit upon the lands of another. The word "close" is purely technical, and relates to the interest in the soil and to its invisible boundaries, and not to those artificial barriers often erected around land.

The whole duty of erecting division and boundary fences in the absence of agreement or prescription, is regulated by statute, and as will be seen by our statutes as quoted, lawful fences may consist either of the specific structures enumerated, or of any other barrier "which, by reliable evidence, shall be declared as

strong, substantial, and as well suited to the protection of enclosures as either of the above described."

Keeping in view, then, the object of a lawful fence, viz., to protect an enclosure, we are of opinion the language of the complaint in this cause sufficiently alleges that the fence constructed by plaintiff, and for the value of which he seeks to recover, was and is a lawful fence.

It is not one of the enumerated fences mentioned in the statute, but is described as a stone wall of given dimensions, constructed in a given manner, and is according to the complaint, a "good, strong, substantial, and lawful stone fence, . . . . and with the other fences now does form a perfect enclosure of all said premises, and sufficient to . . . . and now does prevent the ingress of stock upon or the egress of stock from said premises, and the whole thereof."

A fence which forms a perfect enclosure and is sufficient to turn stock which is good, strong, and substantial, and built of stone, must, we think, be the equivalent of the lawful fences specifically described in the statute.

The statute as amended in 1860 does not in terms provide that line or division fences shall be lawful fences; but the law having defined what is meant by a *lawful fence*, we must presume that when fences are mentioned elsewhere in the statute, lawful fences are intended. (*Enright* v. *S. F. & S. J. R. R. Co.* 33 Cal. 230.)

We do not conceive it to be necessary to show that all the fences surrounding and enclosing the lands of defendant are lawful fences within the meaning of the statute. If they have been adopted by him in completing his enclosure, and serve to enclose his land, and if plaintiff's fence complies with the requirements of the law, it must be held sufficient; otherwise a party enclosing his land could always prevent a recovery for fences constructed by others on his lines by omitting to build as provided by statute.

So, too, the fact of defendant connecting his fences with those already constructed so as to form an enclosure of his land with that of such others, must be construed as tantamount to an agreement on his part within the doctrine of *Gonzales* v. *Wasson*, 51 Cal. 295.

The road laws retained in force by the Code are not subject to the objection of being special legislation, and therefore obnoxious to the Constitution. They were in force before the adoption of our present Constitution; and that instrument only applies to statutes passed after its adoption. (*People* v. *Jobs*, 7 Colo. 475; *Ex parte Burke*, 59 Cal. 6.)

The demand of payment by plaintiff was sufficient.

The complaint shows the length of the division fence to be 320 rods, that the value thereof, at the time the enclosure was made, was $1.75 for each and every rod thereof, and that one half the total value was and is $280; that on the 14th day of October, 1881, plaintiff demanded payment of said sum from defendant, which was refused, etc. Nothing further was required to constitute a valid demand.

Counsel for respondent claims that if a recovery can be had from defendant in this case, he will be equally liable to the other persons whose fences form portions of the general enclosure within which his land is situated. A reference to the statute (Stats. 1860, p. 141) will show that it is only for a proportionate part of the value of *partition fences* that a recovery can be had.

We think the judgment should be reversed and the court below directed to overrule the demurrer.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT — For the reasons given in the foregoing opinion the judgment is reversed with directions to overrule the demurrer to the complaint.