[No. 14092.    In Bank. — March 19, 1891.]

NEVADA SCHOOL DISTRICT OF NEVADA COUNTY, APPELLANT, *v.* B. N. SHOECRAFT ET AL., RESPONDENTS.

CONSTITUTIONAL LAW — SPECIAL LEGISLATION — INCONSISTENCY WITH GEN-ERAL LAW. — The special act of March 25, 1874, establishing and de-fining the powers and duties of the board of education of Nevada School District, is constitutional and valid, notwithstanding that at the time the act was passed section 1593 of the Political Code contained provisions inconsistent therewith, there being nothing in the constitution at the time of its passage preventing special legislation, and the subject-matter being properly controlled by the latest expression of the legislative will.

ID. — EXISTING CONSTITUTION NOT RETROACTIVE. — The provision of the ex-isting constitution that the legislature shall not pass local or special laws in certain cases applies only to future and not to past legislation.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion of the court.

*J. I. Caldwell,* for Appellant.

*Niles Searls,* and *P. F. Simonds,* for Respondents.

The COURT. — This action is brought in the name of the Nevada School District, and its purpose is to have the court decree that the defendants deliver all the lots, buildings, and school-houses in the city of Nevada used for the purpose of conducting the public schools into the possession of George E. Shaw, J. I. Caldwell, and N. Douglass, who claim to have been

recently elected school trustees of said district. The defendants, all but two, are the persons who are the regularly elected and acting school directors of said district, under an act of the legislature approved March 25, 1874, entitled "An act to establish and define the powers and duties of the board of education of Nevada School District"; and the other two are janitor and watchman under said other defendants. The point relied on by appellant is, that said act of March 25, 1874, under which the board of education of Nevada City has been acting for more than sixteen years, is unconstitutional and totally void. We do not think that the position taken by appellant is tenable.

There was nothing in the old constitution which prevented special legislation (*Meade* v. *Watson*, 67 Cal. 591); and therefore the fact that when the said act was passed section 1593 of the Political Code provided that "the number of school trustees for any school district, except where city boards are otherwise authorized by law, shall be three," did not prevent the legislature from subsequently creating the Nevada district. The latest expression of the legislative will on the special subject in hand controls.

The provision of the present constitution that the legislature shall *not pass* local or special laws in certain cases applies to future and not to past legislation. (*Ex parte Burke*, 59 Cal. 6.)

Neither do we think that the act is void because inconsistent with any of the provisions of the present constitution.

The judgment is affirmed.

SHARPSTEIN, J., dissented.