Gantt, P. J.
This is an appeal from a decree of perpetual injunction, granted by the circuit court of Jackson county, forever restraining the Kansas City & Southwestern Eailway company and the Missouri Pacific Eailway Company, which operates said Southwestern Company, from disturbing the plaintiff, the Kansas City & Southeastern Eailway Company in its possession of its right of way over the northwest quarter of the northwest quarter of section twenty-two (22), township 48, range 33, in Jackson county, Missouri.
In 1873 the Kansas City, Memphis & Mobile Eailroad Company surveyed and located its route to Osceola, in St. Clair county, Missouri, and filed its profile map as required by section 2564, Eevised Statutes, 1889, in the office of the clerk of the county court of Jackson county, and the several counties of Cass, Henry and St. Clair; said route was located over and upon a strip of land one hundred feet in width, of northwest quarter of northwest quarter of section twenty-two (22), township forty-eight (48), of range thirty-three (33). On the twenty-ninth day of August, 1873, said railroad acquired from P. J. Kelly, the then owner of the fee of said land, the title to said premises by a deed of conveyance therefor. After securing said deed the company constructed its roadbed thereon to its established grade. Subsequently the said Kansas City, Memphis- & Mobile Eailroad was sold and conveyed to one Bancroft, who afterward conveyed the same to one J ames I. Brooks, who conveyed to Kansas City & Southern Construction Company, which in turn conveyed to the Kansas City & Southern Eailway Company, under whom, by deed of conveyance, plaintiff now holds.
*68 In 1881 the Kansas City & Southern Railway Company began the laying of the track and completed one and one quarter miles, and in 1882 again began the laying of the track and has continuously been engaged therein from that time to the date the same was completed from Osceola to Kansas City, Missouri. In 1884, the profile map of the old Kansas City, Memphis & Mobile Railway Company having been lost or stolen, the Kansas City & Southern Railway Company caused its road to be re-surveyed, and filed in the office of the said clerk of the county court of Jackson county a profile map, showing its location over the land in controversy.
In 1886.track laying was begun at a point near Westport, and the track of plaintiff’s line of road extended to Waldo Park, and in 1887 and 1888 completed to a connection with the .Kansas City & Southern, near Hart’s Grove creek (except the crossing in question). In 1887, or early in 1888, the Kan-say City & Southwestern Railway Company (organized June 5, 1886), under whom defendant claims, crossed the right of way of plaintiff on the grade as established by plaintiff and its grantors, and now asserts that plaintiff should not cross this land over which it laid its track on the grade established by plaintiff, without first having a condemnation action authorizing it so to do.
The defendant claims under deed, of date August 30, 1886, from one Dodson who testified that he bought of one Ferdinand Arn; that he never claimed any right to the roadbed or right of way of the complainant, and that the defendant constructed its road across and on the grade of the complainant. This deed was the only claim of right on the part of the defendant.
Soon after Kelly executed the deed to the plaintiff’s grantor for the right of way, as above stated, he con *69 veyed the said forty acre tract of land to one Frederick Am. The deed from Kelly to Arn excepted “the right of way heretofore conveyed to the Kansas City, Memphis & Mobile Railway Company.”
All the various steps leading up to the incorporation of the plaintiff road and its acquisition of the title of the Kansas City, Memphis & Mobile Railroad Company to the right of way in question was in evidence, and a mass of testimony as to the building of the road and the various lapses therein.
The circuit court found for the plaintiff and enjoined defendants from further interference with- its rights over said crossing.
I. The first contention of the defendant is that plaintiff had no title to the right of way owing to the incapacity of the Kansas City, Memphis & Mobile Railroad Company to build a railroad and acquire a right of way therefor in Jackson county, Missouri, because Jackson county was not named in its articles of incorporation, and because of certain informalities in the sale of the branch of the Tebo & Neosho Railroad to said Memphis & Mobile Road.
The record shows the establishment of a branch by the Tebo & Neosho Railroad, the construction of its roadbed, the acquisition thereof by the Kansas City, Memphis & Mobile Railroad Company, the taking of possession and construction of the roadbed by that company, the recognition by the owner of the fee of the easement in complainant and its vendors at all times, and the disclaimer of any interest adverse to complainant on the part of the vendors of the appellant.
■ The evidence shows purchase in 1873, grading of right of way in 1875, sale by Memphis road to Bancroft in 1877, by Bancroft to Brooks in 1880, actual resumption of work on a part of the road in 1881, and *70 continuous work thereafter to the bringing of this action.
After this lapse of time we shall not go back of the deed from Kelly to the Kansas City, Memphis & Mobile Railroad Company. The capacity of that company to acquire a right of way and operate a railroad thereon is a matter that the state alone could question and as that right has not been denied by the state during a period of twenty years, it must be assumed that it was rightful. Certainly it can not be questioned by defendants in this way and in this proceeding. This we regard as settled law in this state. Railroad v. St. Louis, 66 Mo. 228.
The other minor objections to the several conveyances are purely technical and do not affect the merits of the case. Neither of the points made are, in our opinion, sound, as legal propositions. The fact that a notary does not certify when his term will expire, nor where he lives, does not, in the least, destroy the effectiveness of the deed, to which he certifies an acknowledgment.
II. The claim is made by defendants that a court of equity will not try title to this land between these companies and oust one and put the other in possession. The answer to this is that plaintiff does not seek a possession which will materially interfere with any lawful use to which defendant may put the land. The correlative rights of both are fixed by the law of this state.- R. S. 1889, sec. 2543 and 2741. All that was sought, even if plaintiff had not the prior and better possession, was the right to cross defendant’s right of way as guaranteed by sections 2543 and 2741, Revised Statutes, 1889, enacted in pursuance of section 12, article 12, of the constitution of the state.
But the fact is, that defendants had full notice of plaintiff’s rights when it acquired its right of way from *71 Dodson. It found a roadbed already constructed upon an established grade and built its road across that roadbed upon the grade so established. The peculiar character of railroad property must be considered in determining the question of possession involved herein. Very few railroads have been built without encountering delays and obstacles, and the predecessors of the plaintiff corporation had a checkered career, but the fact that the original projectors did not have the means to complete it at once but were delayed by panics, bankruptcy and want of funds, did not deprive it of the right of way which it had lawfully purchased. It can not be said it was not in possession merely because its right of way was not ironed and tied when defendants sought to cross it. We think it is clearly established that the survey and location of a railroad is a part of the work of constructing the same. Railroad v. Grinned, 51 Iowa, 476; Railroad v. Blair, 9 N. J. Eq. 635; Railroad v. Alling, 99 U. S. 463; Ex parte Railroad, 101 U. S. 711.
In this case plaintiff’s grantors had not only surveyed the line and filed the profile map which gave them the prior right from the state to construct their road over this land, but they have, gone further and complied with the prerequisite to obtain the owner’s title by paying him for the right of way and obtaining a conveyance thereof, and had taken possession and constructed its roadbed and established its grade. Its right of way was expressly excepted from the conveyance of Kelly to Arn and its right has never been questioned by any subsequent owner of the land. The sole question in this case is whether plaintiff, as a grantee of the Kansas City, Memphis & Mobile Railroad’s title to this right of way by mesne conveyances, under the foregoing circumstances, must resort to condemnation proceedings before it can lay its track upon said right *72 of way. We have no hesitancy in answering in the negative. It was already in possession and had the title and it was not necessary to purchase or condemn it a second time.
The proposition of defendants’ counsel is that it is not necessary to question the incorporation of plaintiff, but simply to deny its right to lands that had been forfeited by non user by virtue of section 2664, Revised Statutes, 1889, first enacted in 1869, Session Acts, 1869, p. 73.
But, granting that the company would have been powerless, after ten years, to have instituted condemnation proceedings for a right of way which it had not acquired during the time permitted by its charter, the defendant can raise no such question as to its right to use lands it had lawfully acquired during the ten years, accorded to it by the statute, and that is this case. There was no such evidence of abandonment in this case as was offered in the Roanoke Investment Co. v. Railroad, 108 Mo. 50. A casual reading of that case will show that it rests upon acts of abandonment of such a nature as indicated not only an intention, but a complete abandonment of the tract in controversy in that case; but we also held in that case, “that the mere non user of this piece of road, in the absence of adverse possession by the servient owner, or other acts of such unequivocal nature on the part of the owners of the railroad as evinced a clear intention to abandon the easement, would not work an extinguishment of the right, however acquired.”
There are no such facts established on this record and we have no doubt of the jurisdiction of a court of equity in a case like this to restrain any person or corporation from interfering with plaintiff’s right to lay its track and operate its train over a right of way to. which it has the clear legal title and was in the only pos *73 session of which the property was susceptible prior to the laying its track. The decree of the circuit court is affirmed.
Burgess and Sherwood, JJ., concur.