[Sac. No. 1867.    Department Two.—December 27, 1911.]

## VALLEJO FERRY COMPANY (a Corporation), Respondent, *v.* LANG & McPHERSON, CHARLES LANG and ADRIAN McPHERSON, Appellants.

FERRY FRANCHISE—GRANT BY CITY OF VALLEJO—POWER UNDER CHARTER.—Under section 10, subdivision 13, of the charter of the city of Vallejo, enacted in 1872, power was vested in the board of trustees of that city to grant ferry franchises within the limits of the city, notwithstanding the general law of the state conferred the authority upon the supervisors to establish ferries.

ID.—SPECIAL POWERS OF MUNICIPALITIES UNDER CONSTITUTION OF 1849.—Under the constitution of 1849 special legislation was not forbidden, nor was the conferring of special powers upon municipalities by their charters, even when a general law upon the same subject-matter stood upon the statute books.

ID.—EFFECT OF CONSTITUTION OF 1879 UPON SPECIAL PROVISIONS IN MUNICIPAL CHARTERS.—The provision in the constitution of 1879 forbidding local or special laws in enumerated cases, and in particular (art. IV, subd. 25) in the matter of "chartering or licensing ferries, bridges, or roads," was prospective, and did not operate to destroy the force of existing special laws.  Such special laws or provisions in municipal charters became subject only to the general

laws subsequently passed by the legislature touching the same subject-matter.

ID.—FREEDOM OF NAVIGABLE WATERS—ACT ADMITTING CALIFORNIA INTO UNION—LICENSING FERRIES NOT PROHIBITED.—The provision of the act of Congress of September 9, 1850, admitting California into the Union as a state, that "all the navigable waters within said state shall be common highways, and forever free as well to the inhabitants of the said state as to the citizens of the United States," does not prohibit the requirement of a franchise or a permit for the conduct of a ferry upon such waters.

ID.—ACTION TO ENJOIN UNAUTHORIZED OPERATION OF FERRY—ATTACK ON METHOD OF GRANTING LICENSE.—In an action by the holder of a franchise granted by the city of Vallejo to operate a ferry between that city and Mare Island, to enjoin the operation of a similar ferry by the defendants, who had no license therefor, the latter cannot be heard to attack the method adopted by the city in granting the plaintiff's license.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

W. H. Morrissey, Keogh & Olds, and P. B. Lynch, for Appellants.

Frank R. Devlin, and L. G. Harrier, for Respondent.

HENSHAW, J.—Plaintiff was operating a ferry between the city of Vallejo and Mare Island by authority of a franchise granted to it by the city of Vallejo. Defendants began to operate an opposition ferry without any permit or franchise from any person whatsoever, and in violation of the terms of the franchise granted by the city of Vallejo to the plaintiff. Thereupon the plaintiff sued and obtained an injunction against defendants, and from this judgment defendants appeal.

Their varying contentions upon appeal all revolve about the central proposition, that the city of Vallejo had no power to grant a franchise. Without regard to the question whether this defense may be asserted by defendants, who do not pretend to be operating under any franchise, license, or permit whatsoever, and who for aught that appears are violating the penal laws of the state in collecting ferry fares and tolls (Pen. Code, sec. 386), upon the merits appellants' contention is unsound. The city of Vallejo was incorporated in 1872 by a charter

CLXI Cal.—22

which (sec. 10, subd. 13) conferred upon its board of trustees the power "to grant licenses and franchises in the manner provided by law for boards of supervisors of counties for constructing, keeping and taking tolls on roads, bridges, ferries, wharves, chutes, and piers within the limits of said city of Vallejo." Appellants' argument is that by the general law then upon the statute books, this power to grant ferry franchises was vested in the board of supervisors (Pol. Code, secs. 2892, 2893); that these sections of the Political Code are, in effect, but re-enactments of the statute of 1855 (Stats. 1855, p. 183) which was a general law conferring authority upon the supervisors to establish ferries; that therefore there could be no valid special law authorizing the city of Vallejo to establish ferries even under the constitution of 1849, and that the attempt so to do in the charter provision of the city of Vallejo is therefore void. The position is unsound. Under the constitution of 1849 special legislation was not forbidden, nor was the conferring of special powers upon municipalities by their charters, even when a general law upon the same subject-matter stood upon the statute books. (*Smith* v. *Judge 12th District,* 17 Cal. 547; *Brooks* v. *Hyde,* 37 Cal. 379; *San Francisco* v. *Canavan,* 42 Cal. 541; *Ex parte Burke,* 59 Cal. 6, [43 Am. Rep. 231]; *Nevada School Dis.* v. *Shoecraft,* 88 Cal. 372, [26 Pac. 211]; *Wigmore* v. *Buel,* 122 Cal. 144, [54 Pac. 600]; *People* v. *Levee Dis. No. 6,* 131 Cal. 30, [63 Pac. 676].) The provision in the constitution of 1879 forbidding local or special laws in enumerated cases, and in particular (art. IV, subd. 25) in the matter of "chartering or licensing ferries, bridges, or roads" was prospective, and did not operate to destroy the force of existing special laws. Such special laws or provisions in municipal charters became subject only to the general laws subsequently passed by the legislature touching the same subject-matter. (*Ex parte Chin Yan,* 60 Cal. 78; *Meade* v. *Watson,* 67 Cal. 591, [8 Pac. 311]; *Rollins* v. *Wright,* 93 Cal. 395, [29 Pac. 58]; and cases *supra.*) *Ex parte Helm,* 143 Cal. 555, [77 Pac. 453], relied upon by appellants' reaffirms the established doctrine to this effect and declares that cities or towns existing under special acts of the legislature at the time the constitution of 1879 went into effect, continue to exist under such acts until they elect to organize under the general laws provided by the legislature

for that purpose. Such cases as *Kennedy* v. *Board of Education,* 82 Cal. 492, [22 Pac. 1042]; *People* v. *Henshaw,* 76 Cal. 436, [18 Pac. 413], and *Ex parte Ah You,* 82 Cal. 339, [22 Pac. 929], dealt with the effect upon special charters of general laws passed *after* the adoption of the constitution, and have no bearing upon the question under consideration.

Appellants point out that the act of Congress of September 9, 1850, admitting California into the union as a state, provides that "All the navigable waters within said state shall be common highways, and forever free as well to the inhabitants of the said state as to the citizens of the United States." The argument founded upon this seems to be that to require a franchise or a permit for the conduct of a ferry upon such waters is an invasion of the right of free navigation and in violation of the act of Congress. The proposition is, of course, absolutely untenable (*Cardwell* v. *American Bridge Co.,* 113 U. S. 205, [28 L. Ed. 957, 5 Sup. Ct. 423]), but is mentioned only in conformance with our practice to make recognition of any federal question that is presented.

The city of Vallejo having the power to grant this ferry franchise, and having in fact granted it, these appellants cannot be heard to attack the method adopted by the city in so doing. It matters not, therefore, whether the Broughton Act (Stats. 1893, p. 288) is or is not applicable to the disposition of a ferry franchise in the city of Vallejo, or that in fact the city in granting the franchise sold it to the highest bidder. (*Norris* v. *Farmers' & Teamsters' Co.,* 6 Cal. 590, [65 Am. Dec. 535]; *Chard* v. *Stone,* 7 Cal. 117; *Kansas etc. Ry. Co.* v. *Kans. etc. Ry. Co.,* 129 Mo. 62, [31 S. W. 451]; *Owens* v. *Roberts,* 69 Ky. (9 Bush) 608.)

The errors at law occurring in the course of the trial of which complaint is made have to do with the introduction of evidence touching the questions herein discussed. It is unnecessary to set them forth at length. Suffice it to say that the court's rulings were in consonance with the views here expressed as to the power of the municipality to grant the franchise in question, and were therefore sound.

For these reasons the judgment appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.