### STATE ex rel. TOWLES v. BAUR, Clerk of Circuit Court.

Circuit Court, Gadsden County.

August 29, 1956.

E. Paul Gregory, Gregory & Towles, Quincy, for the relator.

William D. Doss, Quincy, for the respondent.

Richard W. Ervin, Attorney General, Ralph M. McLane, Assistant Attorney General, and Charles H. Spitz, Keen, O'Kelley & Spitz, all of Tallahassee, amici curiae.

HUGH M. TAYLOR, Circuit Judge.

This is a test case filed for the purpose of securing an answer to the following question—*Is a satisfaction of a mortgage upon Florida real estate executed in Georgia, acknowledged before a Georgia notary public, entitled to record in Florida in the absence of a notation in the certificate of acknowledgment of the date of the expiration of the notary public's commission?*

Under section 28.22(5), Florida Statutes 1955, a satisfaction of mortgage must be "acknowledged in the manner provided for the acknowledgment of deeds" before it may properly be recorded.

Chapter 695 of the statutes states the requirements that must be met before a deed may be recorded. The instrument in question meets these tests and should be recorded unless section 117.07 of the statutes is construed as requiring an additional formality as a condition precedent to the recordation of instruments affecting the title to real estate or personal property.

This inquiry accordingly may be restricted to a construction of —and an ascertainment of the legislative intent in adopting—section 117.07.

Section 117.07 was first enacted in 1903. At that session of the legislature two related statutes were apparently adopted to meet a problem created by persons, formerly notaries public, continuing to take acknowledgments after the expiration of their commissions. Chapter 5217, Acts of 1903, validates all notarial acts of such persons done prior to April 1st, 1903. Section 1 of chapter 5218, Acts of 1903, requires every notary public to "add to his or her official signature to any acknowledgment" affecting a sale of real or personal property a statement of the time of the expiration of his or her commission. Section 2 of chapter 5218, Acts of 1903,

makes it a crime punishable by fine or imprisonment for any notary public to take any acknowledgment of any instrument after the expiration of his commission.

In express terms both chapter 5217 (now section 117.06) and chapter 5218 (now sections 117.07 and 117.08) relate only to notaries public in the state of Florida.

This case might be disposed of by holding that the particular instrument now before the court is entitled to record because section 117.07 in terms applies only to notaries public *in Florida* and has no application to acknowledgments taken by notaries public in other states, and because section 695.03 (2), authorizing the taking of acknowledgments to instruments affecting title to lands in Florida by notaries public in other states, contains no requirement that such foreign notaries public state the date of the expiration of their commissions. However, in view of highly respected legal opinions that, by implication, the requirements of section 117.07 should be extended to *all* acknowledgments before notaries public, domestic and foreign, and the desirability of settling a question which has caused the Bar and clerks of circuit courts of the state some difficulties, the court prefers to decide this case upon the broader principle hereinafter stated.

The taking of an acknowledgment is a quasi-judicial act. The jurisdiction of the officer to perform this quasi-judicial act is acquired by the physical presence of the person making the acknowledgment and the instrument itself before the officer within the territorial jurisdiction of the officer. The officer's certificate is the formal proof of the official act of taking the acknowledgment. His seal authenticates his official capacity.

Numerous officers may take acknowledgments but section 117.07 applies only to notaries public. No reason suggests itself, and none is suggested to the court, why, *for the purpose of the recording statutes,* any distinction should be drawn between notaries public and other officers with respect to the form of certificate which' evidences the performance of an official act.

The legislature has broad powers to regulate the conveyancing of land, the preservation of the purity of public records and the duties of public officials. These are separate and distinct subjects although, as applied to the facts of this case, they become closely interrelated.

Chapter 695, as its title indicates, regulates the subject of "record of conveyances of real estate" while chapter 117 regulates "notaries public." Duties imposed upon public officers in connection with the performance of official acts do not necessarily thereby become prerequisites to the validity of those official acts. A good illustration of this principle can be found in considering sections 695.21 and 695.22 of the statutes. These sections require the clerk of the circuit court to ascertain the correct post office address of each grantee in a deed offered for record, to make schedules of such information and furnish the same to the county tax assessor. This is a duty required in relation to the recording of deeds but its purpose is to secure the proper assessment of land for taxing purposes and it has nothing to do with the validity of the record of an instrument with respect to which the clerk neglects to perform this duty. It would be unrealistic to make the validity of the record of a deed dependent upon the performance of a clerical duty the purpose of which is other than the preservation of the purity of the public records.

It is the opinion of this court that the requirement of section 117.07 that notaries public add to their signatures to acknowledgments the date of the expiration of their commissions was not placed in the law for the preservation of the purity of the public records because—(1) It does not apply to other officers taking acknowledgments in this state. (2) It does not purport to apply to notaries public or other officers taking acknowledgments in other states to instruments affecting the title to lands in Florida. (3) It was enacted as a part of a statute making the taking of acknowledgments after the expiration of a notary public's commission had expired a criminal offense. (4) The original act imposing this requirement does not expressly or by necessary implication make its performance a condition precedent to the recordation of such instruments, and makes no reference to the recording of such instruments. (5) For many years it has been carried on our statute books as a part of those chapters dealing with the powers and duties of notaries public and entirely dissociated from those parts of the statutes which carefully spell out the requirements which must be met before instruments may be spread upon the public records, and our statutes have been repeatedly reenacted in that form.

Viewed in its proper perspective section 117.07 does serve a useful purpose only indirectly related to the recordation of instruments in that its observance serves to remind notaries public of

12

the termination of their authority so that they will not inadvertently act after the expiration of their commissions, and furnishes a source of evidence in prosecutions under section 117.08.

For the reasons stated the court holds that the failure of a notary public to affix to a certificate of acknowledgment a statement of the time of the expiration of his commission does not render the instrument ineligible for recordation, if it be otherwise entitled to record.

The conclusion (although not necessarily the reasoning) here announced is amply supported by authorities—Sheridan County v. McKinney (Neb.), 115 N.W. 548; Kansas City & S.E. Ry. Co. v. Kansas City & S.W. Ry. Co. (Mo.), 31 S.W. 451; Brown Mfg. Co. v. Gilpin (Mo.), 96 S.W. 669; Harbour-Pitt Shoe Co. v. Dixon, Weaks, et al (Ky.), 60 S.W. 186; Tildesley Coal Co. v. American Fuel Corp. (W. Va.), 45 S.E. 2d 750; 6 Univ. of Fla. Law Review 94; 1 Am. Jr. §104; 1 C.J.S. §88.

This decision should not be construed as relieving notaries public from the duty of complying with the provisions of section 117.07, or as implying that acknowledgments taken by persons who do not hold current commissions are not absolutely void.

It is therefore considered, ordered and adjudged that the motion of the relator for a peremptory writ of mandamus in accordance with the alternative writ heretofore issued, the return of the defendant notwithstanding, be and the same is hereby granted.