[Civ. No. 22481.   First Dist., Div. Three.   Jan. 6, 1966]

MONARCH CABLEVISION, INC., Plaintiff and Appellant, v. CITY COUNCIL OF THE CITY OF PACIFIC GROVE, Defendant and Respondent; CENTRAL CALIFORNIA COMMUNICATIONS CORPORATION, Intervener and Respondent.

Stewart & Tuttle, William H. Tuttle and W. K. Stewart for Plaintiff and Appellant.

Henry I. Jorgensen, City Attorney, for Defendant and Respondent.

Donald H. Smith for Intervener and Respondent.

SALSMAN, J.—Appellant Monarch Cablevision, Inc. filed a petition in the superior court seeking a writ of certiorari and a writ of mandamus to review and annul the action of respondent City Council of the City of Pacific Grove[1] in granting a community antenna television system (CATV) franchise to Central California Communications Corporation.[2] Appellant also sought to compel the Council to grant a CATV franchise to it upon the basis of its application theretofore filed. The respondents Council and intervener filed separate demurrers to the petition for the writs, and also filed motions to dismiss. After a hearing, the court granted the motions to dismiss. This appeal is taken from the order of dismissal.

Appellant's contentions on appeal all stem from the general assertion that, on the basis of facts alleged in the petition, it is entitled to either certiorari or mandamus, or both, and hence that it was error for the court to dismiss its petition. After a review of the record and a consideration of principles governing the issuance of the writs of certiorari and mandamus we have concluded that appellant is not entitled to certiorari and has made no showing in its petition that it is entitled to the writ of mandamus. It follows that the trial court's order dismissing the petition was correct and that order is therefore affirmed.

The appellant alleged in its petition that it filed an application for a CATV franchise with the city clerk; that the inter-

---

[1]The respondent City Council of the City of Pacific Grove is hereafter referred to simply as the Council.

[2]The Central California Communications Corporation intervened in the proceeding and filed a motion to dismiss appellant's petition for the writ of certiorari.

vener Central California Communications Corporation also filed a similar application; that a hearing was held by the Council and the franchise awarded to the intervener. The petition further alleged that petitioner's proposed rates for service were lower than those of the intervener; that the intervener had submitted no financial statement, as required by the city ordinance under which the franchise was granted, whereas petitioner did; that the Council received hearsay evidence and denied petitioner an opportunity to cross-examine the alleged declarant. On the basis of these allegations appellant contended that the Council acted in excess of its jurisdiction and abused its discretion, thus invalidating its award of a franchise to the intervener.

The record before us discloses that, in awarding the franchise here in question, the Council acted pursuant to express statutory authority (Gov. Code, § 53066) and its Ordinance No. 448 N.S. providing the terms and conditions for the operation of a community antenna television system in the City of Pacific Grove.[3]

Respondents urge us to dismiss the appeal because it has not been timely filed. We reject this contention, however, because it clearly appears that the appeal was filed within the time limited by California Rules of Court. The record shows that the hearing on the motions to dismiss the petition was held June 26, 1964. At the conclusion of that hearing the trial judge orally announced his decision granting the motions to dismiss. At the same time, as the reporter's transcript shows, the judge ordered counsel for the city to prepare a formal written order of dismissal, and such an order was prepared and signed by the judge on June 29th and filed with the clerk on June 30th. The court's minutes of the hearing of June 26th however, prepared by the clerk, reflect only that

___

[3]Government Code section 53066 provides that any city may ". . . pursuant to such provisions as may be prescribed by its governing body, authorize by franchise or license the construction of a community antenna television system." The award of such a franchise is permitted to be made upon ". . . the basis of quality of service, rates to the subscriber, income to the city, . . . experience and financial responsibility of the applicant plus any other consideration that will safeguard the local public interest, rather than a cash auction bid." Section 16(b) of Ordinance No. 448 N.S. provides: "Upon consideration of any such application, the City Council may grant exclusive franchise for CATV to such applicant as may appear from said application to be in its opinion best qualified to render proper and efficient CATV service to television viewers and subscribers in the City of Pacific Grove, based on quality of service, best rate to subscriber, income to the City and experience in the cable TV field. The Council's decision in the selection will be final."

the motions to dismiss were granted, and do not show, as does the reporter's record, that counsel was directed to prepare a formal order. Notice of appeal was filed August 28th, more than 60 days after the entry of the court's order in the minutes, but less than 60 days from the signing and filing of the formal written order. This situation is expressly covered by the provisions of California Rules of Court, rule 2(b)(2), which provides in substance that when a formal written order is to be prepared, signed and filed, the time for the filing of notice of appeal does not begin to run until the filing of the formal order. Here that date was June 30th, and since the notice of appeal was filed August 28th it was within the 60-day period allowed for the filing of a notice of appeal.

Appellant's contention that it is entitled to the writ of certiorari to review the action of the Council in granting a franchise to the intervener cannot be supported. The writ of certiorari lies to review the action of an inferior tribunal exercising judicial functions, where the jurisdiction of such tribunal has been exceeded and the aggrieved party has no right to appeal or other appropriate remedy. (Code Civ. Proc., § 1068; *Quinchard* v. *Board of Trustees,* 113 Cal. 664, 668-669 [45 P. 856]; 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 3, p. 2465.) The character of the act sought to be reviewed is the test for determining whether the writ lies. If the act in question is not a judicial act then it is not reviewable by certiorari, and the writ should be denied. (*Quinchard* v. *Board of Trustees, supra,* and cases cited.) If the act which appellant here seeks to have reviewed by means of certiorari is not a judicial act, then the writ was properly denied.

It is entirely clear that the action of the Council in granting the intervener a CATV franchise was a legislative act and not a judicial one. It has long been held that the granting of a franchise by a city or county is a legislative act, not a judicial act. (*Fall* v. *County of Sutter,* 21 Cal. 237; *Truckee & Tahoe T. Road Co.* v. *Campbell,* 44 Cal. 89; *People ex rel. Dean* v. *Contra Costa County,* 122 Cal. 421, 423, 424 [55 P. 131]; see also McQuillin, Municipal Corporations, § 34.22; 22 Cal.Jur.2d 638-639.) Since the act here sought to be reviewed by certiorari is clearly legislative, the court properly declined to issue a writ of certiorari.

We also reject appellant's contention that the trial court should have issued a writ of mandate to review and annul the award of a franchise to the intervener, and to compel the Council to accept appellant's proposal and to

award the franchise to it. As we have observed, the act of the Council in awarding the franchise to the intervener was a legislative act. ▮ Generally, a court is without power to interfere with purely legislative action, in the sense that it may not command or prohibit legislative acts, whether the act contemplated or done be at the state level (*French* v. *Senate of Cal.*, 146 Cal. 604 [180 P. 1031, 2 Ann.Cas. 756, 69 L.R.A. 556]) or the local level (*City Council of City of Santa Barbara* v. *Superior Court*, 179 Cal.App.2d 389 [3 Cal.Rptr. 796].) The reason for this is a fundamental one— it would violate the basic constitutional concept of the separation of powers among the three coequal branches of the government.

The statute governing issuance of the writ of mandamus provides that the writ may be issued ". . . to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust or station. . . ." ▮ When the act to be done is purely ministerial, and discretion is not involved, and the applicant shows that he is clearly entitled to the writ, then the writ will issue, even though it be directed to a municipality and its elective officers. (*Williams* v. *City of Stockton*, 195 Cal. 743 [235 P. 986].) ▮ But here, appellant's petition does not make a clear showing that it is entitled to have the writ issued. On the contrary, appellant seeks to have the court compel the Council to set aside a legislative act involving the exercise of discretion, and to compel the performance of another legislative act, also involving the exercise of discretion. The allegations of the petition demonstrate that appellant is not entitled to the writ.

▮ Appellant argues, however, that the Council acted in excess of its jurisdiction and abused its discretion in awarding the franchise to the intervener. The only facts alleged in support of these conclusions are that the appellant submitted a lower bid, and that the intervener did not submit any financial statement as required by the ordinance under which the Council proceeded in making its award. These contentions are without merit. Section 16(b) of Ordinance 448 N.S. under which the Council acted, states that, upon consideration of an application for a CATV franchise, the Council may grant such application ". . . to such applicant as may appear from said application to be in its opinion best qualified to render proper and efficient CATV service to television viewers and subscribers in the City of Pacific

Grove. . . ." In view of this language it is apparent that a broad discretion is reposed in the Council in its consideration and evaluation of the various applicants for a CATV franchise. The Council could and obviously did waive the requirement that an applicant for a franchise must in all cases submit a financial statement with its application. No abuse of discretion is shown by the mere fact that the Council did not insist upon the filing of such a statement. Nor is there any requirement imposed by the ordinance that the Council accept the applicant offering the lowest subscriber rate. On the contrary, the ordinance reposes discretion in the Council to accept the bid of the applicant who, in the opinion of the Council, is best qualified to render proper and efficient service to subscribers, regardless of the rate charged.

Appellant also argues that the Council abused its discretion in the proceedings by which it ultimately granted a franchise to the intervener in that it received hearsay evidence and did not permit appellant to rebut this evidence or to cross-examine the source of the hearsay. Appellant misconceives the nature of the proceedings before the Council. They were not, as appellant suggests, judicial and adversary in nature. On the contrary, as we have pointed out, they were legislative and not judicial. Neither the statute under which the Council acted (Gov. Code, § 53066), nor the ordinance (No. 448 N.S.) setting forth the terms and conditions upon which a CATV franchise might be granted to an applicant, requires any hearing to be conducted by the legislative body. Where the proceedings are legislative in character, a hearing of a judicial type is not required. Where, however, as here, a hearing is allowed by legislative grace, it need not be circumscribed by the legal formalities incident to a judicial proceeding. (*Franchise Tax Board* v. *Superior Court,* 36 Cal.2d 538, 549 [225 P.2d 905], and cases cited.) It necessarily follows that here the Council, in conducting a legislative hearing, did not abuse its discretion or exceed its jurisdiction in receiving hearsay evidence and declining to permit cross-examination of a witness whose statements were before the Council only in the form of hearsay. Here, the witness whose statements were before the Council as hearsay, was not present to be called for direct examination, and while it is true that appellant asked for a two-week delay so that such statements could be rebutted, we cannot say that the Council abused its discretion or denied appellant a fair hearing in refusing to continue the hearing for a period of two weeks.

Respondents argue that appellant's only remedy is by a proceeding in quo warranto to test the validity of the franchise granted to and now vested in the intervener. (See *Vallejo Ferry Co.* v. *Lang & McPherson,* 161 Cal. 672 [120 P. 421]; *Menzel Estate Co.* v. *City of Redding,* 178 Cal. 475 [174 P. 48]; *Gurtz* v. *City of San Bruno,* 8 Cal.App.2d 399 [48 P.2d 142].) We need not discuss this issue, since we have concluded that appellant was not entitled to the relief sought in the trial court and that the order dismissing the petition was proper.

Upon dismissal of appellant's petition by the trial court, no request was made for permission to amend, and none was granted. It has not been suggested to us on this appeal, how or in what manner appellant could amend its petition to show any right to either certiorari or mandamus, and we see none. It follows that dismissal of the petition was proper, and the order of dismissal is affirmed.

Draper, P.J., and Devine, J., concurred.