[L. A. No. 28898.   In Bank.   Nov. 14, 1967.]

PACIFIC ROCK AND GRAVEL CO., Plaintiff and Respondent, v. CITY OF UPLAND, Defendant and Appellant.

[L. A. No. 28899.   In Bank.   Nov. 14, 1967.]

WILLIAM KISTINGER et al., Plaintiffs and Respondents, v. CITY OF UPLAND, Defendant and Appellant.

(Consolidated Cases.)

Donald E. Maroney, City Attorney, Martin & Flandrick, Charles R. Martin and Robert A. Neher for Defendant and Appellant.

Jones, Crowe, Bailin & Gladson, Crowe, Bailin & Gladson and Samuel Crowe for Plaintiffs and Respondents.

BURKE, J.—In these cases, consolidated for trial and for appeal, defendant City of Upland appeals from judgments permanently enjoining it from any further proceeding to conduct a referendum election previously set for July 13, 1965, concerning a railroad spur track franchise granted by defendant's city council to The Atchison, Topeka and Santa Fe Railway Co., for the benefit of plaintiff Pacific Rock and Gravel Co. As will appear, we have concluded that the trial court erred in its view that the granting of the franchise was an administrative, rather than a legislative, act and thus not subject to referendum. Accordingly, the judgments must be reversed.

■ Under section 39732 of the Government Code defendant, as a general law city of the sixth class, is given the authority to "(b) Grant franchises for the . . . laying of railroad tracks . . . ." (See also § 37357.)[1]

■ The rule is firmly established that the granting of a franchise by a city or county is a legislative act. (*People* ex rel. *Dean* v. *Board of Supervisors* (1898) 122 Cal. 421, 423 [55 P. 131]; *Truckee & Tahoe T. Road Co.* v. *Campbell* (1872) 44 Cal. 89, 91; *Fall* v. *County of Sutter* (1862) 21 Cal. 237, 252-253; *Monarch Cablevision, Inc.* v. *City Council* (1966) 239 Cal.App.2d 206, 210 [2b] [48 Cal.Rptr. 550]; see also *Newsom* v. *Board of Supervisors* (1928) 205 Cal. 262, 271 [270 P. 676].) ■ More specifically, the power given to sixth class cities by Government Code section 39732 (formerly § 862 of the Municipal Corporation Act) to grant railroad franchises is legislative in character. (*City of Arcata* v. *Green* (1909) 156 Cal. 759, 763 [106 P. 86]; *South Pasadena* v. *Los Angeles Terminal Ry. Co.* (1895) 109 Cal. 315, 320 [41 P. 1093].)

■■ Equally well established are the principles that the powers of initiative and referendum which the people reserved to themselves under section 1 of article IV of the Constitution of this state are to be afforded a liberal construction in favor thereof (*Blotter* v. *Farrell* (1954) 42 Cal.2d 804, 809 [3] [270 P.2d 481]; *Hunt* v. *Mayor & Council of City of Riverside* (1948) 31 Cal.2d 619, 628 [5] [191 P.2d 426]; *Collins* v. *City & County of San Francisco* (1952) 112 Cal.App.2d 719, 729 [13a] [247 P.2d 362]), and that such powers apply to acts

---

[1]Government Code section 37357: ". . . the legislative body may grant property owners or proprietors of manufacturing or industrial enterprises the right to construct, maintain, and operate spur tracks from their premises to a connection with any railroad. The legislative body may revoke the grant."

which are legislative in nature. (*Johnston* v. *City of Clare-mont* (1958) 49 Cal.2d 826, 837 [11] [323 P.2d 71]; *Housing Authority* v. *Superior Court* (1950) 35 Cal.2d 550, 557 [5] [219 P.2d 457]; *Kleiber* v. *City & County of San Francisco* (1941) 18 Cal.2d 718, 722 [117 P.2d 657]; *Hopping* v. *Council of City of Richmond* (1915) 170 Cal. 605, 611 [150 P. 977].)

Plaintiffs contend, however, that in granting the spur track franchise here involved defendant's city council performed only an administrative act. Executive or administrative acts are not subject to the power of referendum. (*Simpson* v. *Hite* (1950) 36 Cal.2d 125, 132-134 [222 P.2d 225]; *Housing Authority* v. *Superior Court, supra,* 35 Cal.2d 550, 557.)

■ The provisions of section 7555 of the Public Utilities Code,[2] cited by plaintiff, do not convert the character of the action taken by the city council in granting the franchise from legislative to administrative. That section, in pertinent part, simply lays down the procedural prerequisites to be observed by the council (notice, hearing, findings), and specifies that a favorable vote by two-thirds of the council is necessary to a franchise grant. Nothing in section 7555 requires or warrants a holding that the people may not thereafter exercise their referendum powers with respect to the franchise.

■ As in the case of zoning ordinances and amendments thereto, where the legislative body of a general law city has adopted such an ordinance in compliance with the procedural requirements of the controlling statute (there the zoning act, here § 7555), there is no reason not to subject the ordinance to referendum. (*Johnston* v. *City of Claremont, supra* (1958) 49 Cal.2d 826, 836-838; see also *Hurst* v. *City of Burlingame* (1929) 207 Cal. 134, 142 [277 P. 308]; *Newsom* v. *Board of Supervisors, supra* (1928) 205 Cal. 262, 274.)

---

[2]Section 7555: ''No railroad corporation may use any street, alley, or highway, or any of the land, whether covered by water or otherwise, owned by the municipality within any city, unless the right to do so is granted by a two-thirds vote of the governing body of the city. If any railroad corporation operating within a city applies to the governing body of the city for a franchise or permit to cross any such street, alley, or highway, with main, branch, side, switching, or spur trackage, the governing body of the city, within a reasonable time, shall hold a public hearing upon the application after reasonable notice to the applicant and to the public and shall thereafter grant the franchise or permit applied for upon reasonable terms and conditions unless such governing body reasonably finds that the grant of the franchise or permit would be detrimental to the public interest of the city. Nothing in this section imposes any duty upon or limits the authority of, any city organized and existing pursuant to a freeholder's charter, or any officer thereof.''

■ Plaintiffs also suggest that to permit the people to vote on the spur track franchise granted by the city council would in some fashion create a conflict with an asserted provision of section 23 of article XII of the California Constitution "that the powers conferred upon the . . . Public Utilities Commission . . . are plenary and are unlimited by other provisions of the Constitution."[3] The short answer is that no such provision is to be found in the Constitution. Instead, both section 22 and section 23 of article XII declare that it is the *Legislature* which has plenary authority or right to confer upon the commission certain powers additional to the rate-fixing and related powers given to the commission by section 22. Further, section 23 expressly specifies that "this section shall not affect the right of any city and county or incorporated city or town to grant franchises for public utilities upon the terms and conditions and in the manner prescribed by law."

The judgments are reversed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

---

[3]It is undisputed that The Atchison, Topeka and Santa Fe Railway Co., to which the franchise was granted, is a public utility and subject to regulation as such.