### B. K. BRADSHAW v. J. E. MILLIKIN.

(Filed 25 April, 1917.)

**1. Vendor and Purchaser—Contracts—Restraint of Trade.**

A sale of business with agreement that the seller will not engage therein in the same locality for a certain number of years is not in restraint of trade if it affords a fair protection to the interests of the purchaser, and not so extensive as to interfere with that of the public; and a covenant in the sale of a barber business within a town, that the seller will not engage in such business within the town for two years, is valid and enforcible.

**2. Same—Liquidated Damages—Equity—Injunction.**

Where it is agreed in positive terms in a written contract of sale of a business that the seller will not engage therein for two years in the same town, specifying that he pay a reasonable sum as liquidated damages upon its breach, the specification of such damages is not construed as an implied permission to breach his covenant and pay the amount of the damages named, as the purchaser is left to his remedy at law for the recovery of his damages and his equitable remedy by injunction to restrain the seller from violating his covenant.

**3. Same—Penalties.**

Where the seller of his business has made a valid covenant with the purchaser not to go into the same business in the same locality for a term of years, with further agreement to pay a certain sum as liquidated damages upon his breaching his covenant, it is the policy of the courts to construe such agreement as liquidated damages rather than a penalty, in the absence of evidence to show that the amount claimed is unjust or oppressive, or disproportionate to the loss actually sustained; and their payment being of the very substance of the agreement, they may be recovered by the purchaser.

**4. Same—Appeal and Error—Damages.**

The trial court having erroneously dissolved an order restraining the seller of his business from breaching his covenant not to engage therein

BRADSHAW *v.* MILLIKIN.

for a term of years, upon the ground that liquidated damages were agreed to be paid by the seller in that event, as an alternative of performance, it is *Held*, that the defendant should be enjoined, and that the plaintiff may recover any damages he can prove to the date when the injunction is served.

CIVIL ACTION, from RICHMOND, heard 8 January, 1917, by *Webb, J.*, upon a motion for the continuance of an injunction to the final hearing of the case.

The court denied the motion, and plaintiff appealed.

These are the facts: Defendant sold and transferred to the plaintiff his barber business in the town of Hamlet, N. C., together with the furniture, fixtures, and other property used therein, and the good will of the business, for a certain consideration, and also agreed that he would not in any manner, either directly or indirectly, engage in the same, or any similar business, in said town for the period of two years from the execution of the contract, 9 June, 1916, with this further condition: "It is expressly understood that the stipulation aforesaid are to apply to, and to bind the heirs, executors, and administrators of the respective parties; and in case of failure, the parties bind themselves, each unto the other, in the sum of $400 as liquidated damages, and not as a penalty, to be paid by the failing party."

The defendant did engage in the business of a barber in the town of Hamlet, N. C., within the two years, and plaintiff brought this action to enjoin him from continuing therein. The court held, and so adjudged, that the defendant should not be enjoined if he gave a good and sufficient bond in the sum of $500, upon condition that he pay the plaintiff such damages as he may suffer for the breach of this contract.

The record is silent as to the important fact whether the bond was given by the defendant as required to be done by the order, but it was admitted here that it had been given and that the restraining order was dissolved, and the parties desire the case to be decided on its merits.

*W. H. Sanders, W. Steele Lowdermilk for plaintiff.*
*E. A. Harrill for defendant.*

WALKER, J., after stating the case: The plaintiff appealed, and his counsel contended here that he had a legal right to a continuance of the injunction to the final hearing, whether the bond was given or not, and in this we agree with him. Contracts in restraint of trade, like the one we are now considering, were formerly held to be in-

valid as against public policy, but the more modern doctrine sustains them when the restraint is only partial and reasonable. The test suggested by *Chief Justice Tindal* in *Honer v. Graves,* 7 Bing., 743, by which to determine whether the restraint is a reasonable one and valid, is to consider whether it is such only as will afford a fair protection to the interests of the party in favor of whom it is given, and not so large or extensive as to interfere with the interests of the public.

Without discussing the reasons upon which the rule is based or endeavoring to fix a limit beyond which the parties may not contract, it is sufficient to say that the terms of the present agreement are well within the principle under which such contracts are held to be valid. 9 Cyc., 525 to 533; *Faust v. Rohr,* 166 N. C., 187; *Sea Food Co. v. Way,* 169 N. C., 679. It was said in *Faust v. Rohr, supra,* citing *King v. Fountain,* 126 N. C., 196: "The general rule was, and still is, that contracts in restraint of trade and the like are void, on the ground that they are against public policy, similar to contracts illegal and *contra bonos mores.* Clark on Contracts, 451-457. This rule has been modified in order to protect the business of covenantee or promisee, when it can be done without detriment to the public. The reasonableness of such restraint depends in each case on all the circumstances. If it be greater than is required for the protection of the promise, the agreement is unreasonable and void. If it is a reasonable limit in time and space, the current of decision is that the agreement is reasonable, and will be upheld."

These contracts not infrequently contain a clause in regard to the amount of damages to be paid if there is a breach, and the question is often raised whether the provision is to be considered in law as a liquidation of the damages or merely as a cover for the exaction of a penalty and there is a rule established for deciding this question. Where a contract has been made not to engage in any particular profession or business within stated limits, it has been the policy of the courts to construe such an agreement as liquidated damages rather than as a penaty, in the absence of any evidence to show that the amount of damages claimed is unjust or oppressive, or that the amount claimed is disproportionate to the damages that would result from the breach or breaches of the several covenants of the agreement. While the decisions in this class of cases are usually based upon the fact that the damages are uncertain and cannot be estimated, it has also been held that where the payment of the sum named is the very substance of the agreement, a recovery may be had for it. 13 Cyc., 99, 100. It is to be observed, however, that the use of the terms

"penalty" and "unliquidated damages" in the instrument is not neces-
sarily conclusive as to the interpretation which shall be put upon
it; and the sum so reserved may be held to be liquidated damages,
although called a penalty in the covenant, and *vice versa.* 2 High
on Injunctions (3 Ed.), sec. 1140. In deciding whether the sum
fixed by the contract as the measure of a recovery, if there is a breach,
should be regarded as a penalty or as liquidated damages, the court
will look at the nature of the contract, and its words, and try to
ascertain the intentions of the parties; and also will consider that the
parties, being informed as to the facts and circumstances, are better
able than any one else to determine what would be a fair and reason-
able compensation for a breach; but the courts have been greatly in-
fluenced by the fact that in almost all the cases the damages are un-
certain and very difficult to estimate. 13 Cyc., 102. We are of the
opinion that the sum to be paid upon a breach, as stipulated in this
contract, is to be considered as liquidated damages and not as a pen-
alty. There is nothing to show any disproportion between it and the
real loss if there should be a breach, and there is no standard by
which a jury could fix with any degree of certainty what would be
the amount of damages flowing from a breach.

This being settled, what is the plaintiff's remedy? As a general
rule, a plaintiff cannot sue both at law and in equity. If his legal
remedy is certain and adequate, he must resort to it, but sometimes
he may have an election between the legal and the equitable remedy.
It would be manifestly unjust that he should be fully compensated
for any loss resulting from a breach, and at the same time restrain
the defendant from committing the very act for the doing of which,
in the future as well as in the past, and for its injurious consequences,
he has received or willingly accepted full damages. The rule govern-
ing such cases has thus been stated: "If it is manifest that the parties
intended that the particular act might be done upon payment of the
sum specified, the power to do the act upon payment of the money
enters into and forms a part of the contract, and equity will neither
interfere to prevent the doing of the act nor to grant relief from the
payment of the money agreed upon as an equivalent." 2 High on
Injunctions (3 Ed.), sec. 1139. Or, as expressed in another way:
"If liquidated damages are provided for in case of a breach, and it
appears that the intention was to give the party the alternative to
perform or pay, the breach will not be enjoined. But when the con-
tract is an absolute one, and cannot be construed as meaning that the
defendant shall have the right to do the prohibited acts on paying

the sum named, an injunction will be granted to restrain him, whether or not the sum to be paid be regarded as liquidated damages." 22 Cyc., 870.

The mere insertion in the contract of a clause describing the sum to be recovered for a breach as liquidated damages, but which were not intended to be payable in return for the privilege of doing the acts forbidden by the contract, will not exclude the eqitable remedy, and is regarded as put there for the purpose of settling the damages if there should be a suit and recovery for a breach, instead of an action, in the nature of a bill in equity, for what substantially would be a specific enforcement of the contract by restraining any further violation of it. This is the true doctrine, and is applicable to the facts of this case, as here the damages are liquidated, and they are not allowed for the purpose of authorizing the prohibited act to be done if they are paid, "or in return for the privilege of doing the act," but the intention was that the act should not be done, and the sum is fixed as the estimated damages if it is done. The contract says, and means: "You shall not do the act, nor buy the right to do it, by paying the stated amount; but if you fail to do it, you must pay the liquidated damages for your breach of it." These views are supported, we think, by the best authorities, if not by all of them when properly construed.

The case of *McCurry v. Gibson,* 108 Ala., 451, is a very instructive one upon this question, and is so much like ours, and the law is so clearly and exhaustively considered therein, that we will refer to it at some length. The Court first settles the principle, by reason and precedent, that contracts of professional men and tradesmen not to practice their business or calling in competition with another purchasing the same, if based upon a sufficient consideration, such as the purchase of the promisor's business, will be enforced in equity by injunction to restrain any breach of it. Reference is made to clauses in such contracts for the payment of a sum certain in case of a breach, and the variety of the language used in describing it, as "penalty," "liquidated damages," or "forfeiture." It is then said: "Courts have not always agreed in their views upon the question whether such stated sums were to be treated as penalties or liquidated damages, although the current of authorities is to treat the sum named as liquidated damages, rather than as a penalty. *Keeble v. Keeble,* 85 Ala., 552; *Roper v. Upton,* 125 Mass., 258; *Halbrook v. Talby,* 66 Me., 410, and authorities cited therein. The word is not decisive of the character of the stipulation. We need not repeat the rules which have been adopted for the determination of the question, and

which are only different in their application. Upon the authority
of the cases cited, and others upon which they are based, we are of
the opinion that the contract averred in the bill contained a valid
agreement for the payment of $200 as liquidated damages for its
breach; and it is out of this fact that the supposed adequacy of the
legal remedy, ousting the equitable jurisdiction, is thought to grow.
There are some cases, decided by courts of last resort, which so hold
(*Hahn v. Concordia Society,* 42 Md., 460; *Martin v. Murphy,* 129
Ind., 464); and we have been cited to like decisions by courts of
inferior jurisdiction in New York. Such, however, is not the rule
adopted by the New York Court of Appeals, nor is it supported by
the weight of authority. We have recently declared that such a
provision for liquidated damages was no bar to a decree for specific
performance, in a case otherwise sufficient, and we are satisfied the
decision was correct. *Morris v. Lagerfelt,* 103 Ala., 609. No one
doubts that the parties might stipulate for the payment of a sum
which upon a proper construction of the contract would be deemed
a price paid for the privilege of resuming business by the party
theretofore restrained. Such was the nature of the agreement con-
strued in *Dills v. Doebler,* 62 Com., 366 (20 L. R. A.), by which it
was provided that the party sought to be restrained should be "at
liberty to practice dentistry in said Hartford at any time after the
termination of this contract by paying to said Dills $1,000"; and in
that case it was held that the insolvency of the defendant would not
suffice to give jurisdiction to enjoin his resumption of practice until
he paid the stipulated sum, which evidently was not designed to
prevent a breach of the contract to refrain from practicing, but was
in truth the price of the privilege of again pursuing his calling in
the city of Hartford." It will be noted that here the learned Court
makes the distinction very clear between a case where by the terms
of the contract, the damages are to be paid as an alternative for the
privilege of doing the forbidden act and where this is not so, but
the stated amount is to be paid if there is a breach merely and a re-
covery for the breach. In the former case there is no jurisdiction in
equity to enjoin, while in the latter there is, though, as we will see,
an injunction is not the only remedy, but the party has his choice
between it and an action upon the contract, where there has been a
breach, to recover the fixed sum as damages. The Court then says,
at page 458: "Of the rule we adopt, *Cooley, C. J.,* in *Watrous v.
Allen,* 57 Mich., 362, used the following language: 'This is perfectly rea-
sonable and equitable, for the penalty, forfeiture, or fixed damages are
only agreed upon to render it more improbable that the act against which

they are directed will be committed.' The same thought but with more elaboration, was expressed by the Court of Appeals in *Diamond Match Co. v. Rocher,* 106 N. Y., 464; and we quote from the opinion an accurate statment of the law, as exactly applicable to this case: 'It is, of course, competent for parties to a covenant to agree that a fixed sum shall be paid in case of a breach by the party in default, and that this should be the exclusive remedy. The intention, in that case, would be manifest that the payment of the penalty should be the price of nonperformance, and to be accepted by the covenantee in lieu of performance. *Phœnix Ins. Co. v. Continental Ins. Co.,* 87 N. Y., 400-405. But the taking of a bond in connection with a covenant does not exclude the jurisdiction of equity in a case otherwise cognizable therein; and the fact that the damages in the bond are liquidated does not change the rule. It is a question of intention, to be deducted from the whole instrument and the circumstances; and if it appears that the performance of the covenant was intended, and not merely the payment of damages in case of a breach, the covenant will be enforced.' All that is settled by the insertion of a simple agreement to pay liquidated damages; so that, if an action is brought for damages, the recovery shall be for the amount named, neither more nor less. *Long v. Bowring,* 33 Beav., 585. No doubt can be entertained, in this case, that the parties were not contemplating a breach of the contract, nor a return by the defendant to the practice of medicine in Anniston. He was on the eve of departure to another State, which he expected to make his future home, and had decided and declared that he would no longer practice in said city. The stipulation to which we have adverted is no barrier in the way of granting complainant relief by injunction, which is a negative specific performance of the contract. *Dooley v. Watson,* 1 Gray, 414; *Howard v. Woodward,* 10 Jur. (N. S.), 1123; *Fox v. Scard,* 33 Beav., 327; 2 High Inj., 1175. The complainant had his election to sue for damages or to have the agreement performed, according to its terms."

The case of *Diamond Match Co. v. Rocher,* 106 N. Y., 473 (60 Amer. Rep., 464), which was cited in the above case, is also a strong authority for the position that in a contract worded like the one in this case the party who has bought the business and provided against the rivalry of the one who has sold it may have its breach enjoined or recover damages at his option. The Court said: "There can be no doubt, upon the circumstances in this case, that the parties intended that the covenant should be performed, and not that defendant might at his option repurchase his right to manufacture and sell

matches on payment of the liquidated damages. The right to relief by injunction in similar contracts is established by numerous cases. *Phœnix Ins. Co. v. Continental Ins. Co., supra; Long v. Bowring, supra; Howard v. Woodward,* 10 Jur. (N. S.), 1123; *Coles v. Sims,* 5 De G., McN. & G., 1; *Avery v. Langford,* Kay's Ch., 663; *Whittaker v. Howe, supra; Hubbard v. Miller,* 27 Mich., 15

It will be seen, therefore, that the election as to the remedy is with the plaintiff, or injured party, and not with the defendant, who cannot, as a right, buy his peace by paying the stipulated amount as damages, but must desist from a further breach of the contract, if the plaintiff so elects and asks that he be enjoined. This was decided in *Roper v. Upton,* 125 Mass., 258. There *Judge Endicott* said: "It is often stated that a court of equity will not interfere to prevent a party from doing an act which he has agreed not to do, when liquidated damages are provided in case he does the act. But this must be taken with some qualifications; for it must appear from the whole contract that the stipulated sum was to be paid in lieu of the strict performance of the agreement, and was an 'alternative which the party making the covenant had the right or option to adopt, as in cases often cited in support of the general proposition. *Woodward v. Gyles,* 2 Vern., 119; *Rolfe v. Peterson,* 2 Bro. P. C. (2d Ed.), 436; *Ponsonby v. Adams,* 2 Bro. P. C. 431." And again: "It is said in all the cases on this subject that the question in every case is, What is the real meaning of the contract? And if the substance of the agreement is that the party shall not do a particular act, and that is the evident object and purpose of the agreement, and it is provided that if there is a breach of this agreement the party shall pay a stated sum, which does not clearly appear to be an alternative which he has the right to adopt instead of performing his contract, there would seem to be no reason why a court of equity should not restrain him from doing the act, and thus carry out the intention of the parties. If such appears to be the purpose of the agreement, the fact that the sum to be paid is a stated or stipulated amount, in the nature of liquidated damages, should not oust a court of equity of its jurisdiction to compel the party to carry out his agreement. In other words naming a sum to be paid as liquidated damages does not in itself conclusively establish that the parties contemplated the right to do the act upon payment of the compensation, and make an alternative agreement for the benefit of the party who has done what he had agreed not to do."

An interesting case is *Sainter v. Ferguson,* 1 McN. & Gordon, 286, where it appeared that upon application for an injunction against

a breach of the agreement the court ordered that plaintiff might take procceedings at law, which he did, and recovered £500 by way of liquidated damages. He then renewed his application for an injunction, which was refused, *Lord Cottenham* saying: "If the plaintiff had seen the difficulty which has since arisen, he might have put the matter so as to have had the option left to him either of exercising his legal right or his equitable remedy and not to have been precluded from the alternative which, before the action, he had either to ask for an injunction or to obtain compensation at law. The order, however, does not provide for this; it places the plaintiff under no restriction; it only refuses to interfere until the legal right has been tried. It was then the plaintiff's own choice to go on; and the matter now stands just as if the plaintiff had brought the action first, and then come to this Court for an injunction. 1 McN. & Gord., 290." And in *Fox v. Scard,* 33 Beav., 327, it was held on the authority of *Sainter v. Ferguson* that where a person enters into an agreement not to do an act, and gives his bond to another to secure it in a penal sum, the latter has a right in law and equity, and can obtain relief in either, but not in both courts.

We find this clear analogy: "The fact that a right of reëntry is reserved to a lessor in the event of a breach of covenant does not preclude him from obtaining relief in equity against the commission of the breach, since he is not bound to adopt the remedy of reëntry provided in the lease, but may seek relief in an equitable forum." 2 High on Injunctions (3 Ed.), sec. 1138, citing *Parker v. Wythe,* 1 Hem. & M., 167 (32 L. J. Ch., 520). The case of *Stafford v. Shortried,* 62 Iowa, 524, is an authority for the same principle and also holds that the stated sum to be paid in case of a breach is in the nature of stipulated damages, and that the defendant incurred liability for the whole amount by a single breach.

The ordinary rule is that where there is an express covenant not to do a certain thing, for which injury will result to the covenantee, an injunction will be granted to restrain a breach, if the mischief cannot be repaired, nor can well be estimated, as a suit at law would afford no adequate remedy and the damage would be continuous and recurring from day to day, and, furthermore, the object of the contract can only be attained by the parties conforming faithfully and exactly to its terms. 2 High on Inj., p. 907 and note; *Butler v. Burleson,* 16 Vt., 176.

It is clear, upon examining the language of the agreement between the parties to this action, as applied to the subject of the sale and the situation at the time, that its object is to secure abso-

lutely to the plaintiff the exclusive right, as against the defendant, to pursue the business of a barber in the town of Hamlet, and the latter, having sold his interest and good-will, expressly stipulates not to engage in the business, and to pay certain fixed damages if there is a breach. There is nothing here to show any right or option in the defendant to continue the business upon payment of the money, or that the covenant would be satisfied by the payment of the sum stated, except by consent of the plaintiff, but it is an absolute agreement not to do certain acts and thereby interfere with the plaintiff's business. This is a distinct agreement, independent of the stipulation as to the money to be paid if he violates the contract, or in case of a breach of the condition. The substance of the whole paper is that the defendant covenants not to do a particular thing, and, if he does, that he will pay $400 as satisfaction, if plaintiff elects to sue for damages; but this does not prevent the court from enjoining him from doing that which he has agreed not to do. He did not purchase the right to disregard the contract by agreeing to pay damages for a breach of it, and in satisfaction thereof, for he had no such alternative right. *Roper v. Upton, supra.*

There is a general rule that the enforcement of specific performance is discretionary with the court, and that it must be satisfied not only that there was a valid contract, but that its enforcement would be just and equitable, and that it will work no hardship or oppression, for if that result would follow, the court usually leaves the parties to their remedy at law in the way of damages, unless the granting of the specific relief can be done with conditions which will obviate such a result. Clark on Contracts (2 Ed.), p. 490, and cases cited; *Willard v. Tayloe*, 8 Wall., 557; *Hennessey v. Woolworth*, 128 U. S., 438; *Conger v. R. R.*, 120 N. Y., 29. But there is no injustice or oppression likely to ensue from an enforcement of this covenant by an injunction against its further violation.

The court erred in refusing the injunction to the final hearing and allowing defendant to give bond to stay its restraining power or in lieu of its exercise. Plaintiff is entitled to the specific relief by injunction and to any damages he may be able to prove up to the operation of the injunction order, when the defendant must cease his violation of the covenant by discontinuing the business.

The parties may imparl, if they so desire, and in that event the plaintiff may, if he chooses, accept satisfaction of the breach in money or arrange otherwise as the parties may agree. We are now passing only upon plaintiff's legal rights.

Error.