U-HAUL COMPANY OF NORTH CAROLINA, INC., v. IVEY G. JONES, D/B/A JONES ESSO SERVICE STATION.

(Filed 20 January, 1967.)

**1. Injunctions § 13—**

Ordinarily, a temporary restraining order will be continued to the hearing if plaintiff shows probable cause for supposing he will be able to sustain his primary equity and that injunction is reasonably necessary to protect plaintiff's rights until the controversy can be determined.

**2. Contracts § 7—**

Provision in a written contract for agency for the rental of "U-Haul" trailers and trucks, that after termination of the agency, the agent would not, within the geographical limits of the county, represent or render any service for others engaged in the trailer rental service for a period of one year after the expiration of the then current telephone directory listing, *held* valid.

**3. Same; Injunctions § 6—**

Plaintiff's evidence that the dealer contract with defendant was terminated for cause and that defendant violated his valid covenant not to engage as agent for a competing business within the reasonable time and geographical limits set forth in the written contract of dealership signed by defendant, *held* ground for injunctive relief against continued violation during the term of the agreement, and this result is not affected by the fact that the covenant provided for the payment of a specified sum as liquidated damages for its breach.

**4. Evidence § 3—**

The courts will take judicial notice that it is the custom of telephone companies annually to issue revised directories of their subscribers, and that an uninformed person desiring a special service would probably turn to the yellow pages index of the telephone directory to ascertain where he could obtain such service.

**5. Injunctions § 3—**

The mere fact that the contract provides for the payment of a specified sum as liquidated damages for its breach does not in itself constitute an adequate remedy at law precluding injunctive relief against the continued breach of the agreement.

APPEAL by defendant from *Bundy, J.,* April 18, 1966 Schedule "D" Civil Session of MECKLENBURG.

Action, instituted March 14, 1966, to restrain defendant from breaching a covenant not to compete and to recover damages for breach of contract. At the hearing upon plaintiff's motion for a temporary restraining order, defendant offered no evidence. Plaintiff offered the complaint as an affidavit. It alleges:

Defendant is the owner and operator of Jones Esso Service Station in Charlotte, North Carolina. Plaintiff, a North Carolina corporation, is the successor in interest to U-Haul Company of Tennessee (Company) and the assignee of two contracts which that

Company entered into with defendant on March 7, 1959, and April 26, 1961. In these contracts Company appointed defendant its agent for the rental of U-Haul trailers and trucks. Company agreed to furnish defendant the trailers, trucks, accessory equipment, rental contract books, etc.; to hold defendant harmless for Company's negligence; and to assume responsibility for the theft of its equipment while in defendant's custody. Defendant, *inter alia,* agreed to remit to Company weekly the total of all rental receipts which he collected for Company. Company agreed to send defendant every four weeks the commission specified in the agreement. The contract provided for its termination as follows:

> "This Agreement may be terminated by either party on thirty (30) days' written notice, or without previous notice, upon violation by the opposite party of any of the promises or conditions heretofore mentioned, with the exception that the Dealer warrants, covenants and agrees that, within the geographical limits of the county of his place of business, he will not represent or render any service in any capacity for any other persons, firm or corporation engaged in the trailer rental business for the duration of the then existing telephone directory listing, plus a period of one year from the termination of such telephone directory listing. In addition, upon violation by Dealer of the covenants contained in this paragraph, Dealer promises and agrees to pay to U-Haul Co. the sum of Five Hundred ($500.00) Dollars as liquidated damages, and not as a penalty."

On June 2, 1962, Company assigned defendant's contracts (copies of which are attached to the complaint as exhibits) to plaintiff. In violation of his contractual obligation, defendant has failed to account to plaintiff for the sum of $3,000.00 in rentals collected. Checks forwarded to plaintiff's collecting agent for that amount were worthless. On or about January 18, 1966, after its demands for payments were not met, plaintiff gave defendant a "dealership close-out notice", which terminated his agency. Since that date, in violation of his contract, defendant has been engaged in representing other persons, firms, or corporations engaged in the trailer rental business within Mecklenburg County.

Defendant's listing in the telephone directory in use in Charlotte, Mecklenburg County, North Carolina, reads in part as follows:

"Jones Esso Service Center — U-Haul Trailers and Trucks." This telephone listing expires June 9, 1966. Therefore, under the terms of his contract with plaintiff and its predecessor, defendant is

not entitled to engage in the trailer rental business in competition with plaintiff until June 9, 1967. If defendant is allowed to continue to represent competing interests, plaintiff will lose those customers who, pursuant to the advertisement contained in the telephone directory, telephone and inquire about the rental of U-Haul trailers. Plaintiff will not only lose business it may never recover, but its prestige will be irreparably damaged. Plaintiff has no adequate remedy and is entitled to restrain defendant until June 9, 1967, from representing or rendering any service for other persons, firms, or corporations engaged in the trailer rental business.

In addition to injunctive relief, plaintiff seeks to recover $500.00 liquidated damages as provided in the contract and $3,000.00 in rentals for which it holds defendant's worthless checks.

Upon the hearing, Judge Bundy found facts substantially as alleged in the complaint and concluded that plaintiff had no adequate remedy at law. He enjoined defendant until further orders of the court from representing or rendering services in any capacity for other persons, firms, or corporations engaged in the trailer rental business. From this order defendant appeals.

*Plumides & Plumides by Jerry W. Whitley for plaintiff.*
*Richard A. Cohan for defendant.*

SHARP, J. Ordinarily, a temporary injunction will be granted pending trial on the merits (1) if there is probable cause for supposing that plaintiff will be able to sustain his primary equity, and (2) if there is reasonable apprehension of irreparable loss unless injunctive relief be granted, or if in the court's opinion it appears reasonably necessary to protect plaintiff's rights until the controversy between him and defendant can be determined. *Conference v. Creech* and *Teasley v. Creech and Miles,* 256 N.C. 128, 123 S.E. 2d 619; 2 Strong, N. C. Index, Injunctions § 13 (Supp.).

Plaintiff's affidavit makes out a *prima facie* showing of its right to the final injunctive relief sought. According to the uncontradicted evidence, plaintiff terminated defendant's contract for cause. Defendant's covenant not to compete after such a termination was (1) in writing, (2) entered into at the time and as a part of the original contract of employment, (3) based on a valuable consideration, (4) reasonable both as to the time and territory embraced in the restrictions, (5) fair to the parties, and (6) not against public policy. It, therefore, meets all the requirements for a valid restrictive covenant. *Exterminating Co. v. Griffin* and *Exterminating Co. v. Jones,* 258 N.C. 179, 128 S.E. 2d 139; *Asheville Associates v. Miller* and *Asheville Associates v. Berman,* 255 N.C. 400, 121 S.E. 2d 593. See

Annot., Employee — Restrictive Covenant — Time, 41 A.L.R. 2d 15, 179 (1955). Considering the nature of plaintiff's business, defendant's agreement that, when his contract was terminated, he would not compete during the time the current telephone directory was in effect, plus a period of one year thereafter, is a reasonable time limitation. We may take judicial notice that (1) it is the custom of telephone companies annually to issue revised directories of their subscribers, and (2) an uninformed person desiring to rent a trailer would probably turn to the yellow pages index of the telephone directory to ascertain where one could be obtained. Stansbury, N. C. Evidence §§ 11, 14 (2d Ed. 1963).

Defendant's contention that plaintiff is not entitled to injunctive relief because the contract provision for liquidated damages provides an adequate remedy at law is untenable.

> " 'The mere insertion in the contract of a clause describing the sum to be recovered for a breach as liquidated damages, but which were not intended to be payable in return for the privilege of doing the acts forbidden by the contract, will not exclude the equitable remedy and is regarded as put there for the purpose of settling the damages if there should be a suit and recovery for a breach.' There may also be an action in the nature of a bill in equity, for what substantially would be a specific enforcement of the contract and restraining any further violation of it." *Cooperative Assn. v. Jones,* 185 N.C. 265, 284, 117 S.E. 174, 183. *Accord, Bradshaw v. Millikin,* 173 N.C. 432, 92 S.E. 161. See 43 C.J.S., Injunctions § 80(6) (1945); 28 Am. Jur., Injunctions § 93 (1959).

On this record, we think plaintiff was entitled to the temporary restraining order which Judge Bundy issued.

The judgment of the court below is

Affirmed.