CABLEVISION OF WINSTON-SALEM, INC., PLAINTIFF v. CITY OF WIN-
STON-SALEM, A MUNICIPAL CORPORATION; THE BOARD OF ALDER-
MEN OF THE CITY OF WINSTON-SALEM; FLOYD S. BURGE, JR.,
ALDERMAN; RUSSELL T. BROWN, ALDERMAN; GEORGE W. CHANDLER.
ALDERMAN; D. FLEET CHIDDIE, ALDERMAN; CARROLL E. POPLIN,
ALDERMAN; C. C. ROSS, ALDERMAN; CARL H. RUSSELL, ALDERMAN;
FRANKLIN R. SHIRLEY, ALDERMAN; M. C. BENTON, JR., MAYOR;
JOHN M. GOLD, CITY MANAGER OF THE CITY OF WINSTON-SALEM, AND
LEWIS CUTRIGHT, CITY SECRETARY OF THE CITY OF WINSTON-SALEM,
ORIGINAL DEFENDANTS AND TRIANGLE BROADCASTING CORPORA-
TION AND CRESCENT CABLEVISION COMPANY, INTERVENING AD-
DITIONAL DEFENDANTS

No. 68SC123

(Filed 18 December 1968)

**1. Appeal and Error § 6— appeal from interlocutory injunction**

Appeal from an interlocutory injunction is not premature and will be
considered by the Court of Appeals if a substantial right of the appellant
would be adversely affected by continuance of the injunction in effect
pending final determination of the case.

**2. Appeal and Error § 6— appeal from interlocutory injunction —
substantial right of appellant adversely affected**

In an action for a *writ* of *mandamus* directing the Board of Aldermen
of the City of Winston-Salem to consider and act in good faith upon
plaintiff's application for a cable television franchise and to adopt an
ordinance granting plaintiff such a franchise, defendants may properly
appeal from an order restraining the Board of Aldermen pending trial
of the action from passing ordinances granting such franchises to two
other applicants, the right of the governing body of the City to exercise
its legislative function in dealing with a matter of large public interest
to its citizens having been adversely affected by the restraining order.

**3. Injunctions § 12— injunction as subsidiary remedy — continuance
until final hearing**

While the granting or refusal of an injunction sought as a subsidiary
remedy in aid of another action is addressed to the sound discretion of
the court, a restraining order may not be continued until the final hear-
ing unless it is made to appear that there is probable cause the plaintiff
will be able to establish its asserted right at the final hearing.

**4. Appeal and Error § 58— review of findings in injunctive proceed-
ings**

In reviewing on appeal an order granting or continuing an interlocutory
injunction in effect pending final adjudication of the case, the Court of
Appeals is not bound by the findings of fact of the trial court, but may
review and weigh the evidence and find facts for itself.

**5. Municipal Corporations § 23— cable television franchises**

G.S. 160-2(6a) authorizes a municipality to grant upon reasonable
terms franchises for the operation of cable television systems and to pro-
hibit the operation of such systems without a franchise.

**6. Municipal Corporations § 23— ordinance relating to cable television franchises**

The ordinance setting forth the procedure for the filing and consideration of applications for cable television franchises in the City of Winston-Salem *is held* to impose no positive duty upon the Board of Aldermen to grant cable television franchises to every qualified applicant, but gives the Board discretion to grant or refuse a franchise to any applicant. Chapter IX, Art. 15, Winston-Salem City Code.

**7. Municipal Corporations §§ 23, 45; Injunctions § 12; Mandamus § 2— mandamus to grant cable television franchise — injunction to prevent grant of franchise to other applicants**

In an action for a *writ* of *mandamus* directing the Board of Aldermen of Winston-Salem to consider and act in good faith upon plaintiff's application for a cable television franchise and to adopt an ordinance granting such a franchise to plaintiff, the court erred in restraining the Board of Aldermen pending final trial of the action from passing ordinances granting such franchises to two other applicants where the evidence shows that the Board has given careful consideration to plaintiff's application and where the applicable city ordinance imposes no mandatory duty upon the Board of Aldermen to issue plaintiff a cable television franchise which can be enforced by a *writ* of *mandamus*, there being no reasonable probability that plaintiff will be able to establish a right to a *writ* of *mandamus* at the final hearing.

**8. Municipal Corporations § 23— power to grant cable television franchise**

The power to grant or to refuse to grant a cable television franchise is essentially legislative in nature, and its exercise rests solely within the discretion of the governing body of the municipality.

**9. Mandamus § 2; Municipal Corporations § 45— mandamus to compel discretionary action**

*Mandamus* does not lie to compel performance of an act which requires the exercise of judgment and discretion on the part of the party against whom enforcement is sought.

**10. Municipal Corporations § 23— reasons for granting cable television franchise**

All factors involved, including the extent of local ownership and control, may be considered by a municipal governing body in the selection of one to whom a cable television franchise shall be granted.

**11. Municipal Corporations § 23— review of grant of cable television franchise**

Where ordinance granting a television franchise is valid on its face, the courts may not inquire into the motives which prompt a municipality's legislative body to enact the ordinance.

APPEAL by defendants from *Johnston, J.,* 29 January 1968 Schedule "B" Civil Session of FORSYTH Superior Court.

This is a civil action in which plaintiff seeks a *writ* of *mandamus* directing the original defendants, who were the City of Winston-Salem, its officials, and its governing Board of Aldermen, to consider and act in good faith upon the application which plaintiff had theretofore filed for a franchise to construct and operate a community antenna television system (CATV) in said City, "and thereupon to adopt an ordinance granting a franchise to the plaintiff as requested in plaintiff's application therefor." Plaintiff also prayed in its complaint for a temporary restraining order enjoining defendants pending the trial of this action from taking any action or voting upon ordinances which had been initially adopted by said Board at a meeting on 2 January 1968 purporting to grant franchises to Crescent Cablevision Company and to Triangle Broadcasting Corporation. The facts pertinent to this appeal may be summarized as follows:

On 6 November 1967 the Board of Aldermen of the City of Winston-Salem adopted, as a new Article IX, to Chapter 15 of the Winston-Salem City Code, a general ordinance providing for the granting of franchises for the operation and maintenance of community antenna television systems. This ordinance makes it unlawful for any person to engage in the business of providing a CATV service in Winston-Salem unless such person shall first obtain and shall hold a currently valid franchise granted pursuant to the provisions of the ordinance. Section 3(b) of the ordinance specifies the manner in which persons seeking issuance of a franchise shall file application therefor and specifies in detail the information which must be furnished by the applicant, including information as to the identity, ownership and control of the applicant; a statement showing applicant's experience, if any, in establishing and providing a CATV service; a certified financial statement showing applicant's financial status and ability to complete construction of the proposed CATV system and provide the contemplated service; a description of the CATV system which applicant proposes to construct; a statement setting forth any agreement with respect to ownership, control or transfer of the proposed franchise or CATV system; and a schedule of proposed rates and charges. The ordinance then provides in Section 3(c) as follows:

"(c) Upon consideration of any such application, the Board shall determine the applicant's qualifications to construct, operate and maintain a CATV system and to provide a CATV service in accordance with the provisions of this ordinance. If the Board determines that the applicant is not so qualified, it may refuse to grant the requested franchise. If the Board de-

termines that the applicant is so qualified, it may, by ordinance, grant a nonexclusive franchise to such applicant. Provided, however, no provision of this ordinance may be deemed or construed as requiring the granting of a franchise when the Board determines that to do so would not be in the public interest. . . ."

On 9 November 1967 the plaintiff filed its application with the City Manager in accordance with the requirements of the ordinance. Applications for CATV franchises were also filed by Crescent Cablevision Company and by Triangle Broadcasting Corporation. These applications were referred to the Finance Committee of the Board of Aldermen for its recommendations. This committee held meetings on 5 December and 12 December 1967 for purposes of considering the three applications, and at these meetings representatives of all three applicants were present and were heard. A motion in the Finance Committee that all three applicants be granted CATV franchises failed for lack of a second. A motion that franchises be granted to two of the applicants, Triangle Broadcasting Corporation and Crescent Cablevision Company, resulted in a tie vote. The matter was then returned for consideration by the full Board of Aldermen without any committee recommendation. At the meeting of the Board of Aldermen held 2 January 1968, representatives of all three applicants were present and were heard from by the Board. None of the applications were rejected for failure to comply with formal requirements of the ordinance. At this meeting a motion was adopted by a four to three vote, with one abstention, to grant franchises to only two of the applicants, Triangle Broadcasting Corporation and Crescent Cablevision Company. Following adoption of this motion, all eight Aldermen present voted in favor of separate ordinances granting CATV franchises to Triangle Broadcasting Corporation and Crescent Cablevision Company. Since an ordinance granting a franchise must be voted on at two regular meetings before it shall be passed, G.S. 160-270, the matter then went over to the next regular meeting to be held 15 January 1968. On that day, Cablevision of Winston-Salem, Inc., plaintiff herein, instituted this suit and obtained a temporary restraining order enjoining the Winston-Salem Board of Aldermen from taking any action or voting at said regular meeting on 15 January 1968 or at any other meeting upon the two ordinances which had been initially adopted at the 2 January 1968 meeting granting CATV franchises to Crescent Cablevision Company and Triangle Broadcasting Corporation.

Triangle Broadcasting Corporation and Crescent Cablevision

Company moved to be permitted to intervene as additional defendants in this suit, which motions were allowed. The defendants then filed demurrers to the complaint, which were overruled.

The matter came on for hearing upon the order directing defendants to show cause why the temporary restraining order should not be continued in full force and effect until the trial of the case, and was heard upon the plaintiff's complaint, treated as an affidavit, and upon affidavits filed by plaintiff and defendants. After hearing, the judge of superior court entered order making findings of fact, including the following:

"(10)   That plaintiff's aforesaid application was before the defendant Board of Aldermen at the meeting of the Board on January 2, 1968, and the defendant Board of Aldermen failed to consider the application submitted by the plaintiff and failed to determine whether or not the plaintiff was qualified to construct, operate and maintain a CATV system and to provide a CATV service in accordance with the provisions of Article IX of Chapter 15 of the Winston-Salem City Code, and the Board also failed to determine whether the granting of a franchise to the plaintiff would or would not be in the public interest;

"(11)   That in considering the applications of Crescent Cablevision Company and Triangle Broadcasting Corporation and voting on January 2, 1968, in favor of the two ordinances purporting to grant CATV franchises to Crescent Cablevision Company and Triangle Broadcasting Corporation, the defendant Board of Aldermen did not consider or determine the qualifications of either Crescent Cablevision Company or Triangle Broadcasting Corporation to construct, operate and maintain a CATV system and to provide a CATV service, or determine whether it would or would not be in the public interest to grant franchises to either Crescent Cablevision Company or Triangle Broadcasting Corporation, but, instead, the defendant Board of Aldermen were actuated by the fact and circumstance that Crescent Cablevision Company and Triangle Broadcasting Corporation were and are 'home-owned companies'; . . ."

Based on these findings of fact, the judge of superior court concluded as a matter of law that there is probable cause the plaintiff will be able to establish the rights asserted in its complaint and reasonable probability that the plaintiff would prevail at the final hearing, and accordingly entered order continuing the temporary restraining order in full force and effect until the final hearing and trial of the case. From this order, defendants appealed.

*Jordan, Wright, Henson & Nichols, by Welsh Jordan and William L. Stocks, for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by W. F. Womble and John L. W. Garrou, for original defendant appellants.*

*Craig, Brawley, Horton & Graham, by William L. Graham, for intervening defendant appellant, Crescent Cablevision Company.*

*Hatfield, Allman & Hall, by Weston P. Hatfield and C. Edwin Allman, for intervening defendant appellant, Triangle Broadcasting Corporation.*

PARKER, J.

**[1, 2]**   Appellants assign as error entry of the order continuing the injunction in effect *pendente lite*. Appeal from an interlocutory order of this type is not considered premature and will be entertained by this Court if a substantial right of the appellant would be adversely affected by continuance of the injunction in effect pending final determination of the case. G.S. 1-277; *Board of Elders v. Jones*, 273 N.C. 174, 159 S.E. 2d 545; *Conference v. Creech*, 256 N.C. 128, 123 S.E. 2d 619. In the present case the order appealed from restrained the governing body of the City of Winston-Salem from exercising its legislative function in dealing with a matter of large public interest to the citizens of that City. A substantial right of appellant City has been adversely affected. Appeal from the order is, therefore, not premature.

**[3, 4, 7]**   While the granting or refusal of an injunction sought as a subsidiary remedy in aid of another action is addressed to the sound discretion of the court, in order to justify continuing the writ until the final hearing ordinarily it must be made to appear that there is probable cause the plaintiff will be able to establish its asserted right at the final hearing. *Edmonds v. Hall*, 236 N.C. 153, 72 S.E. 2d 221; 2 McIntosh, N. C. Practice 2d, § 2216. In the present case plaintiff seeks as its primary relief a *writ* of *mandamus* to compel the Board of Aldermen of the City of Winston-Salem to consider in good faith plaintiff's application for a CATV franchise, to act thereon in good faith pursuant to the provisions of Section 3(c) of the City's 6 November 1967 ordinance, "and thereupon to adopt an ordinance granting a franchise to the plaintiff as requested in the plaintiff's application therefor." This appeal, therefore, presents the question whether on the present record plaintiff has shown a reasonable probability that it will be entitled upon final determination of the case to the *writ* of *mandamus* which plaintiff asserts

it has a right to receive. Furthermore, in reviewing on appeal an order granting or continuing an interlocutory injunction in effect pending final determination of the case, this Court is not bound by the findings of fact made by the trial court, but may review and weigh the evidence and find the facts for itself. *Realty Corp. v. Kalman*, 272 N.C. 201, 159 S.E. 2d 193; *Milk Commission v. Food Stores*, 270 N.C. 323, 154 S.E. 2d 548; *Conference v. Creech, supra.* In this case the documentary evidence submitted to the trial court at the hearing which was held to determine if the restraining order should be continued in effect *pendente lite* included a copy of the minutes of the 2 January 1968 meeting of the defendant Board of Aldermen. This evidence shows, contrary to the finding of fact made by the trial court, that the defendant Board did give careful consideration to plaintiff's application for a CATV franchise.

[5-7]   The nature and purposes of a community antenna television system, popularly referred to as CATV, have heretofore been made the subject of judicial consideration in our Supreme Court and require no further description here. See, *Kornegay v. Raleigh*, 269 N.C. 155, 152 S.E. 2d 186; *Shaw v. Asheville*, 269 N.C. 90, 152 S.E. 2d 139. A growing public interest and the need to clarify municipal authority in respect to CATV resulted in enactment of Chapter 1122 of the 1967 Session Laws, which added a new subsection (6a) to G.S. 160-2. This statute authorized a city or town "(t)'o grant upon reasonable terms franchises for the operation of cable television systems, such grants not to exceed the period of 20 years, to levy reasonable franchise taxes under authority of G.S. 160-56 on the business of operating cable television systems, and to prohibit the operation of cable television systems without a franchise." Under authority of this statute the defendant Board of Aldermen of Winston-Salem on 6 November 1967 enacted a general ordinance as an addition, designated as a new Article IX to Chapter 15, to the Winston-Salem City Code.

G.S. 160-2(6a) is a grant of power to cities and towns. It imposes no duties. Plaintiff appellee recognizes this, and bases its case upon the contention that the duties, performance of which it seeks to enforce by *writ* of *mandamus*, were imposed upon defendant Board of Aldermen, not by the statute, but by the new Article IX of Chapter 15 of the Winston-Salem City Code. In particular, plaintiff appellee contends that the language of Section 3(c) of the new Article IX of Chapter 15 of the Winston-Salem City Code, imposes a mandatory duty upon the Board to consider any application made to it for a CATV franchise as provided for in Section 3(b) of said

Article and upon such consideration to "determine the applicant's qualifications to construct, operate and maintain a CATV system and to provide a CATV service in accordance with the provisions" of the ordinance. Plaintiff appellee then cites the following language of Section 3(c) of the ordinance:

> "If the Board determines that the applicant is not so qualified, it may refuse to grant the requested franchise. If the Board determines that the applicant is so qualified, it may, by ordinance, grant a nonexclusive franchise to such applicant. Provided, however, no provision of this ordinance may be deemed or construed as requiring the granting of a franchise when the Board determines that to do so would not be in the public interest."

Plaintiff appellee contends that under the above-quoted language of the ordinance, the defendant Board may refuse to grant a franchise only for either of two reasons: (1) That the applicant is not qualified or (2) that to grant the franchise would not be in the public interest. Plaintiff contends that absent a determination by the Board that one of these facts exist, the Board has no discretion in the matter and is under a positive duty to grant the franchise. We do not agree. In the first place, the language of the ordinance itself is permissive, not mandatory. Section 3(c) of the ordinance provides that if the applicant is found qualified, the Board *may*, by ordinance, grant a nonexclusive franchise to such applicant. Nothing in this language indicates that the Board is under a positive duty to grant franchises to every applicant found qualified to construct and operate a CATV system. The additional language in the proviso which makes it clear that the ordinance shall not be "deemed or construed as requiring the granting of a franchise when the Board determines that to do so would not be in the public interest," does not by implication make mandatory the preceding language which by its express provisions is permissive. Therefore, under the language of Section 3(c) of the Winston-Salem City Code, upon which plaintiff appellee bases its entire case, we find no mandatory duty imposed upon the Winston-Salem Board of Aldermen which can be enforced by a *writ* of *mandamus* requiring defendant Board to issue plaintiff a CATV franchise.

[8-11]    There is, however, a more fundamental reason why plaintiff's action must fail. Such procedures as are provided for and such duties as are imposed by the new Article IX of Chapter 15 of the Winston-Salem City Code are self-imposed by the governing body of that City itself. Nothing in the general law requires that the

City either issue, or not issue, one or more CATV franchises to anyone. Nothing in the general law requires that it set up any procedures for the filing or consideration of applications for such franchises. The adoption by the City of a general ordinance setting forth the procedures for the filing and consideration of applications for CATV franchises did not vest in the plaintiff, or in any other applicant, any right which can be enforced by the Courts to force the City to grant to the plaintiff, or to any other applicant, a CATV franchise. The power to grant or to refuse to grant any such franchise remains vested solely in the governing body of the City. This power is essentially legislative in nature. *Monarch Cablevision v. City Council, City of Pacific Grove,* 239 Cal. App. 2d 206, 48 Cal. Rptr. 550; 12 McQuillin, Municipal Corporations, 3rd Ed., § 34.22. Its exercise is entirely discretionary. *Mandamus* does not lie to compel performance of an act which requires the exercise of judgment and discretion on the part of the party against whom enforcement is sought. 5 Strong, N. C. Index 2d, Mandamus, § 1, p. 290, *et seq.* In this case it is not for the Courts of the State but for the Board of Aldermen who are duly elected by the people of Winston-Salem to decide under the law how many, to whom, and under what conditions CATV franchises will be issued in that City. If in exercising that judgment the Board of Aldermen should be influenced by the fact that one applicant is considered by it to be "home-owned" while another is not, plaintiff still has no legal cause to complain. All factors involved, including the extent of local ownership and control, may properly be considered in the selection of one to whom a franchise shall be granted to serve the public of a particular locality. In any event, the Courts may not inquire into the motives which prompt a municipality's legislative body to enact an ordinance which is valid on its face. *Clark's v. West,* 268 N.C. 527, 151 S.E. 2d 5.

[7]    Since on the record before us it does not appear that there is any reasonable probability that plaintiff will prevail at the final hearing of this cause, it was error to enter the order continuing the restraining order in effect and this cause is remanded to the Superior Court of Forsyth County for entry of an order in accordance with this opinion.

Reversed and remanded.

MALLARD, C.J., and BROCK, J., concur.