E. G. LACKEY AND WIFE JANE LOGAN LACKEY v. W. G. MITCHELL, TRUSTEE, AND THE NORTHWESTERN BANK

No. 7217SC360

(Filed 28 June 1972)

**Mortgages and Deeds of Trust § 19— action to restrain foreclosure — denial of preliminary injunction**

In an action to enjoin defendants from selling a farm under a deed of trust foreclosure on the ground that the indebtedness which the farm secured had been discharged because of funds received by defendants from three sources, the trial court did not err in the denial of plaintiffs' motion to extend until trial a preliminary injunction restraining defendants from selling the farm, where it appears that plaintiffs would have to prevail on all three of their contentions with respect to the application of funds received by defendants to the indebtedness on the farm in order for such indebtedness to be extinguished, and it is improbable that plaintiffs would prevail on all three of their contentions.

APPEAL by plaintiffs from *Exum, Judge,* in chambers, Greensboro, N. C. From STOKES.

On 30 September 1971 plaintiffs instituted this action seeking to enjoin defendants from selling under deed of trust foreclosure a farm in Stokes County. A temporary restraining order was issued and on 8 October 1971 a preliminary injunction was entered enjoining defendants from selling the farm until 10 December 1971. The injunction was continued by consent until plaintiffs' motion to extend could be heard. On 21 December 1971, following a hearing, the court entered an order denying the motion to extend the preliminary injunction from which plaintiffs appealed. The court entered a separate order continuing the injunction pending plaintiffs' appeal.

*Womble, Carlyle, Sandridge & Rice by Linwood L. Davis for plaintiff appellants.*

*W. G. Mitchell for defendant appellees.*

BRITT, Judge.

The record reveals that for several years prior to the institution of this action plaintiffs were heavily indebted to defendant bank. The complaint alleges that beginning in 1964 and up until March of 1970 plaintiffs borrowed a total of $300,500 from defendant bank; that said indebtedness was secured in

Lackey v. Mitchell

various ways including notes and deeds of trust on real estate in Avery and Watauga Counties, note and deed of trust on real estate in Yadkin County, notes secured by assignment of corporate stocks, and a note and deed of trust on real estate in Stokes County. The complaint further alleges that on 18 December 1970 the male plaintiff filed a voluntary petition in bankruptcy in the United States District Court for the Middle District of North Carolina and was duly adjudged bankrupt on 22 December 1970; that a trustee in bankruptcy was appointed on 7 January 1971 and was acting in said capacity at the time of the institution of this action on 30 September 1971.

Plaintiffs based their motion for an order to extend the preliminary injunction on the ground that their indebtedness with defendant bank with respect to the Stokes County farm was discharged. Plaintiffs contend that at the time of instituting this action the indebtedness on said farm was $10,432.18 and that plaintiffs are entitled to have said indebtedness declared discharged because of funds received by defendants from the following three sources:

(1) Defendants foreclosed a deed of trust on certain lands belonging to plaintiffs in Avery and Watauga Counties from which there was a surplus of $3,050.55; that plaintiffs are entitled to have that amount applied to the Stokes County land indebtedness.

(2) Prior to December 1970 plaintiffs owned a farm in Yadkin County on which defendant bank held a deed of trust. Plaintiffs sold said farm to one Jakobsen subject to the indebtedness thereon due defendant bank. Plaintiffs were required to remain liable for the balance of their indebtedness to defendant bank secured by deed of trust on the Yadkin County farm. Defendant bank required plaintiffs to execute a collateral note which included the indebtedness secured by deeds of trust on the Yadkin County property and the Stokes County property; that Jakobsen made certain payments to defendant bank but instead of applying the payments to the collateral note aforesaid, defendant bank applied the payments to another debt which plaintiffs owed defendant bank and which debt was unrelated to the indebtedness secured by deeds of trust on the two farms; that plaintiffs are entitled to have some $6,727 paid by Jakobsen applied to the $10,432.18 indebtedness above set forth.

(3) Defendant bank sold certain corporate stocks belonging to plaintiffs and they are entitled to have $2800.00 received from the sale of the stocks applied to the indebtedness on the Stokes County property.

As to the three contentions of plaintiffs aforesaid, defendants contend:

(1) There is a controversy over the surplus from the sale of the lands in Avery and Watauga Counties; that defendant bank and plaintiffs claim an interest in said surplus. Because of the controversy defendant trustee paid the surplus into the office of the Clerk of Superior Court of Avery County.

(2) The Jakobsen payments were applied by defendant bank to another joint indebtedness of plaintiffs under authority given defendant bank in the collateral note.

(3) There was no agreement between the parties with respect to the sale of the corporate stock; that said stock along with other securities was sold at public sale and the proceeds were properly applied to an indebtedness of plaintiffs other than that secured by deed of trust on the Stokes County farm.

Simple arithmetic discloses that in the trial of this action plaintiffs would have to prevail on all three contentions before the debt would be extinguished and defendant bank declared not entitled to foreclose its deed of trust on the Stokes County farm.

The sole question before us is whether the trial court erred in denying plaintiffs' motion to extend the preliminary injunction until trial. In *Conference v. Creech*, 256 N.C. 128, 123 S.E. 2d 619 (1962) the court said: "It ordinarily lies in the sound discretion of the court to determine whether or not a temporary injunction will be granted on hearing pleadings and affidavits only." In *Huggins v. Board of Education*, 272 N.C. 33, 157 S.E. 2d 703 (1967) the court held that "(w)hile this Court, upon an appeal from the granting or denial of a temporary injunction, is not bound by the findings of fact in the court below and may review the evidence and make its own finding of fact, the burden is upon the appellant to show error by the lower court." In *U-Haul Co. v. Jones*, 269 N.C. 284, 152 S.E. 2d 65 (1967), we find the following: "Ordinarily, a tem-

porary injunction will be granted pending trial on the merits (1) if there is probable cause for supposing that plaintiff will be able to sustain his primary equity, and (2) if there is reasonable apprehension of irreparable loss unless injunctive relief be granted, or if in the court's opinion it appears reasonably necessary to protect plaintiff's rights until the controversy between him and defendant can be determined." See also *Cablevision v. Winston-Salem*, 3 N.C. App. 252, 164 S.E. 2d 737 (1968).

In the case at bar the trial court concluded in effect that it was improbable, if not infeasible, that plaintiffs would prevail on all three of their contentions which would be necessary to extinguish the debt and release the property. After careful consideration of the record before us we too find such an improbability, therefore, the order denying the extension of the preliminary injunction is

Affirmed.

Judges GRAHAM and HEDRICK concur.