WILLIAM N. PUETT v. GASTON COUNTY, C. GRIER BEAM, CHARLES A. RHYNE, POLIE Q. CLONINGER, GENE FRONEBERGER, W. J. PHARR, CHARLES A. GLENN

No. 7327SC380

(Filed 22 August 1973)

1. Injunctions § 12— preliminary injunction — presumption of regularity
     An order granting or continuing a preliminary injunction is presumed to be correct and the burden is on appellants to show that it is erroneous.

2. **Injunctions § 12— continuation of preliminary injunction**

    To justify a continuation of a preliminary injunction until the final hearing, it must appear that there is probable cause that plaintiff will be able to establish his asserted right at the final hearing.

3. **Counties § 7; Injunctions § 12 —sale of county property — limitation to medical purposes — continuation of preliminary injunction**

    The trial court did not err in continuing a preliminary injunction in effect pending a final trial in this action to restrain a board of county commissioners from selling lots owned by the county with restrictions limiting the use of the lots to medical purposes on grounds that the restrictions put members of the medical profession in a favored position and that they limited competitive bidding and thereby tended to depress the selling price of the property.

APPEAL by defendants from *McLean, Judge,* 9 February 1973 Session of Superior Court held in GASTON County.

Plaintiff, William N. Puett, is a citizen, resident, and taxpayer of Gaston County. Defendants are Gaston County and the individual members of the Gaston County Board of Commissioners.

Plaintiff instituted this proceeding on 2 February 1972 praying, *inter alia,* "[t]hat an order issue directing . . . defendants to show cause why a preliminary injunction not issue pending the trial of this matter on the merits enjoining the defendants from the sale of the [hereinafter] described lands under the terms and conditions described in this complaint." When this matter came on for hearing for defendants to show cause why a preliminary injunction not issue pending the trial of the case on its merits, the plaintiff offered evidence tending to show the following:

Gaston County owns two tracts of land containing 108 acres and 75 acres respectively which were conveyed in 1969 to the county by Gaston Memorial Hospital, a private corporation. On 7 August 1972, County Commissioners C. G. Beam and Charles A. Rhyne, were appointed by the Board of County Commissioners "to serve on a Land Development Committee to study disposal of the 75 acre tract of land and to act on behalf of the Board of County Commissioners in connection therewith."

Two members of the Board of Trustees of the Gaston Memorial Hospital comprised the other half of the "Joint Land Development Committee" which met on 18 September 1972 to discuss development of a medical office complex on the 75 acre tract. At that meeting it was agreed that "[s]uch funds will

be recovered and reimbursed to the hospital through the sale of the developed land [and] [I]and will be made available to any person or developer who has definite intention to construct medical office facilities for sale, lease, or his own use." On 19 January 1973, a resolution was adopted by the Gaston County Board of Commissioners providing, *inter alia,* " . . . that it would be in the best interests and to the benefit and advantage of the welfare and health of the citizens of Gaston County to establish a medical office and health related complex within the seventy-five acres of land . . . . " Twenty-one acres of this seventy-five acre tract were surveyed and divided into seventeen lots; sixteen of the seventeen lots are to be sold subject to a "Declaration of Restrictions" ratified and approved by the Commissioners on 19 January 1973. These restrictions prohibit construction on these lots of edifices other than "medical office buildings" (hereafter defined) and limit use of these lots to medical and dental purposes.

The Director of Development of Gaston Memorial Hospital, Billy G. McSwain, was placed in charge of developing the twenty-one acre medical park subdivision. He testified as a witness for plaintiff that "[t]he lots were developed from the type of buildings that different doctors would like to build, the size of their operation, what would be needed" and stated, "[t]he land was restricted to be sure that it was used for medical office buildings."

Based on the sworn testimony offered by plaintiff, stipulations, exhibits and admissions of counsel, the trial court made findings and conclusions which, except where quoted, are summarized as follows:

Gaston County authorized Gaston Memorial Hospital, Inc., to improve the twenty-one acre tract prior to its sale and "is, or may be responsible for the costs of some or all of . . . said improvements." "[N]o vote of the people of Gaston County has authorized the spending of money by the corporate defendant for said costs of said improvements or sale by said county or any other costs connected with said sale." Money spent or to be spent by Gaston County in the development of the twenty-one acre tract is an "unnecessary expense" and placing restrictions on said land prior to the sale thereof is an "arbitrary and capricious" and "unlawful" act which "depresses or may depress its value by reducing the number of purchasers and places members of the medical profession in a favored position."

Thereupon, the trial court ordered, adjudged and decreed "that the proposed sale by the defendants according to the terms and conditions of the resolution and restrictions be and the same is hereby restrained and that the restrictions placed upon the subject property are hereby declared illegal, null and void, and of no force and effect." Defendants appealed.

*Jeffrey M. Guller for plaintiff appellee.*

*Hollowell, Stott & Hollowell by Grady B. Stott for defendant appellants.*

HEDRICK, Judge.

[1] In reviewing on appeal an order granting or continuing a preliminary injunction in effect pending a final determination in a case, the presumption is indulged that the judgment of the trial court is correct and the burden is upon the appellants to assign and show error. *Register v. Griffin*, 6 N.C. App. 572, 170 S.E. 2d 520 (1969).

[2] To justify a continuation of a preliminary injunction until the final hearing, ordinarily it must appear that there is probable cause the plaintiff will be able to establish his asserted right at the final hearing. *Cablevision v. Winston-Salem*, 3 N.C. App. 252, 164 S.E. 2d 737 (1968).

Defendant contends, among other things, that Judge McLean erred in concluding as a matter of law:

"[1] That the pacing [sic] of said restrictions on said land prior to the sale thereof is an arbitrary and capricious act of the defendants and is unlawful.

[2] That subjecting said land to said restrictions restricts and depresses or may depress its value by reducing the number of purchasers and places members of the medical profession in a favored position.

[3] That said restrictions are null and void and may not be placed on said land prior to its sale by the corporate defendant."

The "Declaration of Restrictions" ratified and approved by the Commissioners on 19 January 1973, in pertinent part provides:

"USE. Each lot and the improvements thereon may be utilized only by the persons enumerated in this section, and then only for the practice of his profession:

    (a)  Medical doctors . . .

    (b)  Dentists . . .

    (c)  Optometrists . . .

    (d)  Osteopaths . . .

    (e)  Podiatrists . . . "

Only a "medical office building," defined as "structure . . . occupied solely for the purpose of rendering medical treatment in compliance with the restrictions herein relating to use," and approved accessory structures may be built on each lot.

Although G.S. 153-9 (14) empowers the boards of commissioners of the several counties to sell or lease real property belonging to the county, in so doing, they are acting as fiduciaries or trustees for the taxpayers and citizens of the county and must exercise their best judgment and skill, as reasonable men, to obtain the best price for the land. G.S. 153-2(4) ; *Hughes v. Commissioners,* 107 N.C. 598, 12 S.E. 465 (1890) ; *Gooch v. Gregory,* 65 N.C. 142 (1871) ; *Malcom v. Webb,* 211 Ga. 449, 86 S.E. 2d 489 (1955).

[3] In his complaint the plaintiff alleges in substance, among other things, that the action of the defendants in placing the restrictions on sixteen of the seventeen lots was arbitrary, capricious, and unlawful, and that the restrictions put members of the medical and dental professions in a favored position, limited competitive bidding, and thereby tended to depress the selling price of the property. Whether the restrictions complained of do tend to reduce the market value of the lots is a fact which can be determined only after a final hearing of the case where both parties will have had an opportunity to fully develop their respective contentions.

While Judge McLean was premature in concluding as a matter of law that the action of the defendants in placing the restrictions upon the subdivided lots was "arbitrary and capricious" and "unlawful" and that the restrictions were "null and void," it is our opinion the record establishes probable cause to believe that the plaintiff might prevail on his asserted claim at

a final hearing on the merits; and the court did not err in continuing the preliminary injunction in effect pending a final trial.

Since the preliminary injunction will be continued in effect pending a final hearing of the whole case, it is not necessary that we discuss the further contentions of the parties. The order appealed from is

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.